THOMAS M. DAVIS, petitioner for mandamus,

*vs.*

THE COUNTY COMMISSIONERS OF YORK COUNTY.

*Mandamus will not generally lie to restore a cause to the docket.*

The issuing, or refusal to issue, a writ of mandamus rests in judicial discretion.

The dismissal of judicial proceedings, for want of prosecution, is discretionary with the court before which those proceedings are pending.

When proceedings have been dismissed for want of prosecution, and upon application for their restoration to the docket of the court before which they were pending, after full argument of the motion, such restoration was denied, this court will not (unless to prevent great injustice) interfere by mandamus to order such restoration.

PETITION FOR MANDAMUS.

In the spring of 1871 the county commissioners of York county located a way partly over the land of Thomas M. Davis, and awarded him sixty dollars as damages. Being aggrieved by this estimate, Mr. Davis presented his prayer to have it increased at the April term, 1872, of the court of county commissioners. No agreement was made, or entered of record, to submit the matter to a committee, nor was any selected, nor the cause submitted to a jury, nor any action taken till the April term, 1873, of that court, when the commissioners, of their own motion, without the knowledge of Mr. Davis, and during the sickness and absence of his attorney, dismissed the proceedings. Immediately upon learning of this action there was an application made by Mr. Davis to have his petition for increase of damage reinstated upon the docket of

the court of county commissioners, which was rejected after full argument by counsel in support of it. The present petition to this court was for a writ of mandamus, commanding the county commissioners to restore the petition for an increase of damages upon the docket of their court. The respondents filed an answer in which they state that the omission to issue a warrant for a jury was by request of Mr. Davis' counsel, who asked, when he presented the petition, that no warrant issue, and no action be had, until requested by him; that there were fourteen adjournments of the case from one day designated to another, without any appearance by Mr. Davis or his counsel, and it was finally dismissed at their regular April session, 1873, for want of prosecution, because they thought it had been abandoned and that there should be no further delay; that his motion for its restoration was argued before them at great length, and was refused, because they thought Mr. Davis had been guilty of negligence, and had not acted in good faith, and that his request, for these reasons, ought not to be granted.

If the petitioner was not precluded by the answer from traversing the facts alleged therein, he was to have opportunity to do so in such manner as to this court seemed fit.

*Charles E. Clifford*, for the petitioner.

*W. F. Lunt*, county attorney, for the respondents.

APPLETON, C. J. The writ of mandamus is not a writ of right. The issuing, or the refusal to issue it, is a matter resting in judicial discretion. *Belcher* v. *Treat*, 61 Maine, 580.

The petitioner presented to the county commissioners of this county a petition for an increase of damages from a road located over his land. The petition, after remaining some time upon the docket of the court, was dismissed for want of prosecution. The petitioner then made an application to the court for the restoration upon its docket of the original petition, which, upon a hearing, was denied.

Davis v. Co. Commissioners.

This is a petition to this court for a writ of mandamus commanding the county commissioners to reinstate the petition for an increase of damages.

The dismissal of an action, or other judicial process, for want of prosecution, rests in the judicial discretion of the court in which the proceedings are pending. So, when an action, or other judicial process has been dismissed, whether it shall again be restored to the docket is equally a matter of discretion on the part of the court to which the application is made.

The general rule is that when a question is submitted to the discretion of a judicial officer, his judgment is conclusive. He is not to be controlled by any discretion but his own. Where an inferior court has discretion in relation to the proceedings pending before it, and proceeds to exercise it, the court will not control that discretion by mandamus. *Hull* v. *Supervisors of Albany*, 19 Johns., 259; *Ex parte* Bacon & Lyon, 6 Conn., 392. If it appear that the sessions have exercised a discretion in a matter which properly belongs to their jurisdiction, it is almost an invariable rule that the court of King's Bench does not interfere. *Rex* v. *Norfolk*, 1 D. & R., 74; Tapping on Mandamus, 13. The exercise of their discretion is not to be revised by any other tribunal. *Gibbs* v. *County Commissioners of Hampden*, 19 Pick., 298.

Such is the general rule, as stated above. There are, however, cases which show that, if the discretion of the court below is exercised with manifest injustice, the court is not precluded from commanding its due exercise. Tapping on Mandamus, 14. But the present case does not justify, nor require, our interference. The tribunal before which the petition was pending heard the parties and their counsel and, in the exercise of their discretion, refused to allow the petition for increase of damages, which had been dismissed for want of prosecution, to be again restored. With their decision we are not inclined to interfere.

*Writ denied.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.