THE STATE OF KANSAS, *ex rel.*, v. JOHN Q. A. NORTON, as *Probate Judge, &c.*

MANDAMUS, *Cannot Control Judicial Discretion, Nor Correct Errors in Judicial Proceedings.* An information was filed in the probate court, alleging insanity of a certain person. Upon this an order was entered in which the court, after reciting the filing of the information, states that it appears from its own records that prior proceedings had been had by which said person had once been adjudged insane, and still remained under said adjudication, and therefore the inquiry prayed for is refused. *Held,* That whether the decision of the probate court was right, or wrong, was a question which could not be inquired into in mandamus; and that the probate court, having acted in the premises, and refused the application, could not be compelled by mandamus to reverse its decision and institute the inquiry prayed for.

## Original Proceedings in Mandamus.

PETITION for mandamus, filed by S. M. Allen, county attorney of Douglas county, as relator, to compel *Norton*, probate judge of said county, to entertain an application to inquire into the alleged insanity of one J. McC. An alternative writ was allowed, commanding *Norton* to entertain the application, or show cause, etc. On the return of the writ, *Norton* appeared and moved that such writ be quashed. The facts sufficiently appear in the opinion.

*Owen A. Bassett,* for Norton.

*S. M. Allen,* and *Geo. J. Barker,* for The State.

The opinion of the court was delivered by

BREWER, J.: This is an original action of mandamus in this court, brought to compel the defendant, as probate judge of Douglas county, to entertain an information concerning the alleged insanity of one Josephine McClellan. We shall notice but one matter, as that presents a complete defense to the action. It appears that, by proceedings in said probate court, in 1871, said Josephine McClellan had been once upon due inquiry adjudged insane, and committed to the asylum,

from whence she had been thereafter discharged as one restored. In November 1876, an information was filed in said court, alleging the insanity of said Josephine, and praying an inquiry thereof. Upon this the defendant refused to summon any jury, and made this ruling and decision:

"*In the Matter of the Insanity of Josephine McClellan.*

"Now comes John Deskins, and files his complaint in writing, alleging that the said Josephine McClellan is a resident of Douglas county, and is a person of unsound mind, and incapable of managing her affairs, and praying that an inquiry thereunto be had; and it appearing to the court from the records of said court, that the inquiry sought to be made in this matter by said informant has heretofore been entertained, acted upon, and legally adjudicated by the court, and that the said Josephine McClellan was on the 31st of October 1871 found by a jury impanneled according to law to be of unsound mind, and that she was by a decree of said court adjudged and adjudicated on said day to be of unsound mind, and it appearing to the court that she still remains legally of unsound mind under said adjudication, and that it would be improper and illegal for the court to entertain said application, and issue venire for jury thereon, the court therefore, for the reasons hereinbefore stated, refuses to entertain said application and institute the inquiry prayed for therein."

Whereupon this proceeding has been instituted to compel defendant to entertain the application, and institute the inquiry. Can the action be maintained? Clearly not. The defendant is a judicial officer. An application is made to him for judicial proceedings. He decides adversely to the application. It matters not whether his ruling be right, or wrong; whether the reasons given, be good, or bad. The matter is not subject to inquiry in a mandamus proceeding. The statute provides that "though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion." (Gen. Stat., p. 766, § 688.) This is but a reënactment of the old law of mandamus. The writ never attempted to correct errors in the rulings of judicial officers, but only to compel them to make a ruling. Now it is as plain as language can make it, from this copy of the order of the probate court,

that the judge examined the application and decided against it. Whether the reasons he gave were sufficient, or not, whether the ruling were right, or wrong, is, in mandamus, immaterial. Suppose the application were for an injunction, and the record showed that, "it appearing to the court that the matter presented in the petition had already been adjudicated, and therefore the injunction is refused"—would mandamus lie? And where is the difference? This court would not in such a case examine the petition, decide it sufficient, and command the lower court to issue the injunction. No more can it in the present case examine the complaint, decide it sufficient, and direct the defendant to summon a jury and make the inquiry. If the defendant had refused to receive the application, or refused to examine it, or refused to decide whether to institute an inquiry or not, then mandamus might lie to compel him to make a decision. But even in that case, no order could be made declaring what his decision should be. It would be simply, that he examine the application, and make such order in the case as should seem to him right and legal. And if, after such an order, he should do just what he has done, as appears from this record, the writ would have completed its work.

Counsel for the state seem to look upon this as a mere ministerial duty cast upon the defendant, and that in instituting an inquiry into the matter of the alleged insanity of a party, he is performing no other or higher duty than the clerk of a court in issuing an order of attachment. We do not so consider it. The inquiry is a judicial proceeding. A question of fact is to be tried in his court, by a jury. He decides all questions of law arising in the case, whether as to the sufficiency of the papers, the competency of testimony, or the legality of the investigation. And surely, his decision upon the presentation of the application, that there is no ground for such an inquiry, is as much a judicial action, as his decision at the close of the trial that the verdict must be set aside. The statute under which this application was made, (Gen. Stat., p. 552, § 1,) reads, that on presentation of the in-

formation "the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the facts to be inquired into by a jury." When this application was presented to the defendant he was satisfied that there was not good cause for the exercise of his jurisdiction, and refused to institute the inquiry. His error, if error he made, cannot be corrected by mandamus.

While it would not be proper for us to decide whether his ruling were right, or wrong, we may say that the question is one not free from doubt, and that it is far from certain that the defendant committed any error in the decision he made.

Judgment will be entered in favor of defendant for costs.

All the Justices concurring.