## DUANE HALL v. J. S. STEWART.

AMBIGUOUS JUDGMENT; *Execution; Mandamus.* Where a judgment is ambiguous, and giving it one construction to which it is fairly open, the plaintiff is not entitled to an execution thereon, and the clerk refuses to issue such execution, *held*, that the clerk will not be compelled by a writ of mandamus to issue such execution.

### *Error from Greenwood District Court.*

MANDAMUS brought by *Hall* against *Stewart*, to compel him, as clerk of the district court of Greenwood county, to issue an execution upon a certain judgment. The nature of the action, and the facts, appear in the opinion. Judgment for the defendant, at the May Term, 1878, of the district court. *Hall* brings the case here.

*W. C. Huffman,* for plaintiff in error.

*Geo. C. Rogers,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of mandamus, brought by Duane Hall against J. S. Stewart, to compel Stewart, as clerk of the district court of Greenwood county, to issue an execution on a certain judgment rendered in favor of the plaintiff in an action of replevin for personal property, in which action Duane Hall was plaintiff and George L. Mitchell was defendant. The judgment in the replevin action reads as follows:

"It is therefore considered, ordered and adjudged by the court, that the plaintiff have a judgment against the defendant for the return of said property, if a return can be had, and for the sum of one hundred and ten dollars, his damages caused by the unlawful taking and detention of said property; and in case said property cannot be returned, then, that the plaintiff have and recover of the defendant judgment for the sum of one hundred and sixty-one dollars, the value of said property, and for his costs herein, taxed at $—. And hereof let execution issue."

After this judgment was rendered, the defendant, Mitchell, appeared and paid to the clerk of the court the said sum of $161 and all the costs of the suit, which sum of $161 the clerk paid to the plaintiff, Hall, which sum the plaintiff accepted and received. Afterward, the plaintiff demanded that the clerk should issue an execution on the judgment, for the collection of said sum of $110 damages, and the clerk refusing, the plaintiff then commenced this action of mandamus against the clerk to compel him to do so. The court below decided the case against the plaintiff, and in favor of the clerk; and the plaintiff now, as plaintiff in error, brings the case to this court for review.

Now, as said sum of $161 was actually paid by the defendant (Mitchell) and received by the plaintiff (Hall), we think that it must be held that the parties agreed that the property could not be returned, and the case must be decided upon that theory; and the judgment provides that "in case said property cannot be returned, then that the plaintiff recover

of the defendant *judgment* for the sum of $161, the value of said property," and nothing is here said about damages — that is, that while the judgment provides that if the property can be returned, the plaintiff is to have a "judgment" for a return of the property and for $110 damages, yet if the property cannot be returned, then he is to have a "judgment" for only $161, the value of the property, without any damages. This is evidently the construction given to said judgment by the clerk and by the court below; and who is better able to know what was intended by the judgment, than the clerk and the judge of the court that rendered it? We think, however, that the judgment is fairly open to at least two different constructions. We think it is open to be construed as the clerk and the judge of the court below construed it, and we also think that it is open to be construed as the plaintiff in error construes it; but as the judgment is ambiguous, and as it is fairly open to the construction given to it by the clerk and the court below, the plaintiff is surely not entitled to a writ of mandamus to compel the clerk to issue an execution upon it. He must seek some other remedy. The clerk will not be compelled to take the risk of issuing nor the sheriff of executing an execution on such an ambiguous judgment. If the plaintiff was entitled to such a judgment as he claims that this is, he should have had it so rendered at the time it was rendered, and if a mistake was made in rendering it, he should have immediately given notice to the opposite party and have had the judgment corrected.

The judgment of the court below will be affirmed.

All the Justices concurring.