THE MILWAUKEE MALT EXTRACT CO. v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Carriers:** REFUSAL TO TRANSPORT BEER INTO IOWA: MANDAMUS. Inasmuch as "beer" is included in the term "intoxicating liquors," as defined by Chap. 8, Laws of 1884, and the transportation by common carriers of intoxicating liquors into Iowa, except under certain conditions, is prohibited by statute, *held* that the defendant could not be compelled by *mandamus* to transport for the plaintiff into Iowa "New Era Beer;" there being nothing in the words "New Era" to indicate that the beer in question is not intoxicating; and that the case would not be different if plaintiff alleged the beer in question to be non-intoxicating; for then the discretion of the defendant would be called in

OCTOBER TERM, 1887. 99

The Milwaukee Malt Extract Co. v. The Chicago, Rock Island & Pacific R'y Co.

question in determining the truth of that allegation; and *mandamus* will not lie to compel the performance of an act involving the exercise of discretion. (See opinion for authorities.)

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 24.

ACTION for an order of *mandamus* commanding the defendant railroad company to receive and transport for the plaintiff a commodity denominated " New Era Beer." There was a demurrer to the petition, and the demurrer was sustained. The plaintiff elected to stand upon its petition, and judgment was rendered against the plaintiff for costs. The plaintiff appeals.

*Lehmann & Park*, for appellant.

*Thomas S. Wright*, for appellee.

ADAMS, CH. J.—The petition shows, in substance, that the plaintiff is the manufacturer of a beverage denominated " New Era Beer;" that it tendered such product to the defendant for shipment into Polk county, Iowa, and offered to pay the freight therefor, and the defendant refused to receive and transport the same, on the ground that it could not lawfully do so under the prohibitory law of the state. The petition averred, however, that the product is an absolutely non-alcoholic and non-intoxicating beverage, and that such had been determined to be its character by skilled and competent chemists. The plaintiff insists that, such being the character of the product, the defendant, as a common carrier, was bound by law to receive and transport it, and that, too, regardless of the fact that the plaintiff did not present to the defendant a certificate from the auditor of Polk county, showing that the consignee had authority to sell intoxicating liquors.

It is provided in chapter 8 of the laws of the Twentieth General Assembly that " whenever the words 'intoxicating liquors' occur in this chapter, [chapter 6, tit. 11, Code,] the

same shall be construed to mean alcohol, ale, wine, beer, spirituous, vinous and malt liquors, and all intoxicating liquors whatever." It is not denied by the plaintiff that the defendant properly refused to receive the beer in question, if the same is an intoxicating liquor. But its position is that the fact, as conceded by the demurrer, that it is not intoxicating, takes the case out from the prohibition of the statute.

Looking at the statute alone, the inference would be that it was supposed that there is but one kind of beer, and that it is intoxicating. This being so, it appears to us that the product in question being denominated beer, without anything in its name tending to show that it was not intoxicating, the defendant had a right to assume that it is intoxicating, and therefore prohibited, and govern itself accordingly. The words " New Era," added to the word " beer," indicated nothing as to the character of the product.

Suppose the plaintiff had tendered to the defendant, for transportation, an article denominated simply " brandy," would the plaintiff be entitled to maintain its action for *mandamus* to compel the defendant to receive the article, upon an allegation that it was a new kind of brandy which had no intoxicating quality? We think not. The defendant would discover by the name that the article is apparently prohibited, and could not determine otherwise without resorting to chemical analysis, or some other kind of evidence. The determination would call for the exercise of a discretion as to what evidence should be resorted to, and what should be deemed satisfactory. Where an act is to be performed or omitted in the discretion of a party, the performance cannot be enforced by an order of *mandamus*. In High, Extr. Rem., the author says: " Stated in general terms, the principle is that *mandamus* will lie to compel the performance of duties purely ministerial in their nature, and so clear and specific that no element of discretion is left in their performance, but that, as to all acts or duties, necessarily calling for the exercise of judgment or discretion

upon the part of the officer or body at whose hands their performance is required, *mandamus* will not lie." As illustrating the application of the rule, see *United States v. Seaman*, 17 How., 225, (230); *Hall v. Stewart*, 23 Kan., 396; *State v. Missouri Pac. R'y Co.*, 33 Kan., 176; S. C., 5 Pac. Rep. 772; *Howland v. Eldredge*, 43 N. Y., 457.

The fact, then, that the product in question is not intoxicating, does not, in our opinion, give a right to this action. From the name of the product the defendant had a right to infer that the transportation was prohibited, and we think it was not bound at its peril to correctly analyze the product, or determine otherwise that it was not in fact intoxicating. We think that the demurrer was properly sustained.

AFFIRMED.