[No. 15255.   In Bank.—July 21, 1893.]

JOHN B. STRONG, PETITIONER, v. W. H. GRANT, JUDGE OF SUPERIOR COURT OF YOLO COUNTY, RESPONDENT.

CRIMINAL LAW—DELAY OF ARRAIGNMENT FOR MORE THAN SIXTY DAYS—DISMISSAL—MANDAMUS—JUDICIAL QUESTION.—The ruling of the superior court in denying a motion of the defendant to dismiss a criminal prosecution, where the trial was not postponed upon his application, and he was not brought to trial within sixty days after the filing of an information against him, is the exercise of judicial discretion upon a judicial question, and whether right or wrong, cannot be reviewed upon an application for a mandamus to compel a dismissal of the criminal action.

ID.—OFFICE OF MANDAMUS—CORRECTION OF ERRORS—DISCRETION.—It is a universal rule that the writ of mandate cannot be used to correct the errors of a court in passing upon questions regularly submitted to it in the course of a judicial proceeding, or to control the exercise of its discretion.

HEARING in the Supreme Court upon an application for a writ of mandate to the Superior Court of Yolo County.

The facts are stated in the opinion of the court.

C. W. Thomas, J. Craig, and J. E. Strong, for Petitioner.

Attorney-General W. H. H. Hart, for Respondent.

DE HAVEN, J.—This is an orignal proceeding in which this court is asked to issue a writ of mandamus commanding the judge of the superior court of Yolo County to dismiss a certain criminal action pending in that court against the petitioner, John B. Strong. It appears that on September 8, 1892, an information was filed in that court charging the petitioner with the crime of assault with intent to commit murder, but he was not arraigned thereon until the twenty-sixth day of November following. The petitioner neither applied for nor consented to this delay, and upon his arraignment moved the court to dismiss the prosecution upon the ground that he had not been brought to trial within sixty days after the filing of the information. The superior court after listening to an oral statement of the district attorney, in which that officer gave his reasons for not moving in the matter of the petitioner's arraignment and trial at an earlier date, denied the motion. In passing upon the motion the court also took judicial notice of the fact that in the arrangement of business upon its calen-

dar, the trial of jury cases had been fixed to commence on
October 7, 1892, and that the jury appearing on that day was
excused from attendance upon the court until November 15,
1892, at which time the trial of criminal cases having prece-
dence over that against the petitioner was proceeded with,
and not concluded until the date when the petitioner was called
for arraignment. It also appears that the reason for the post-
ponement of the trial of the cases referred to from October 7th
to November 15th, and the dismissal of the trial jury until
the latter day, was because of the election campaign then in
progress, and the fact that the district attorney was engaged in
such campaign as a candidate for re-election.

1. In the view we take of the matter, it is unnecessary to
determine whether the ruling of the superior court in denying
the motion of petitioner was correct or not. Even if it should
be conceded that the motion was improperly denied, the error
is one which cannot be corrected in this proceeding. Section
1382 of the Penal Code provides :—

"The court, unless good cause to the contrary is shown,
must order the prosecution to be dismissed in the following
cases :—

"1. . . . .

"2. If a defendant whose trial has not been postponed upon
his application is not brought to trial within sixty days after
the finding of the indictment, or filing of the information."

When a motion is made for the discharge of a defendant
under this section, the question presented is a judicial question,
involving in its decision the exercise of judicial discretion, and
when such motion has been submitted to the court in which
the prosecution is pending, and denied, such judgment or deter-
mination cannot be reversed by a proceeding in mandamus.
The rule is so well established that it may be said to be uni-
versal, that the writ of mandate cannot be used to correct the
errors of a court in passing upon questions regularly submitted
to it in the course of a judicial proceeding, or to control the
exercise of its discretion. (High on Extraordinary Remedies,
secs. 24, 149, 152; Merrill on Mandamus, sec. 187. See also
the following cases which illustrate and declare the same princi-
ple: *State* v. *Common Pleas of Passaic,* 38 N. J. L. 182; *Mooney*

v. *Edwards*, 51 N. J. L. 479; *Davis* v. *County Commissioners*, 63 Me. 396; *Judges of Oneida C. P.* v. *People*, 18 Wend. 79; *Ex parte Johnson*, 25 Ark. 614; *State* v. *Norton*, 20 Kan. 506; *Ex parte Koon*, 1 Denio, 644; *People* v. *Weston*, 28 Cal. 640; *People* v. *Pratt*, 28 Cal. 166; 87 Am. Dec. 110; *Smith* v. *District Court*, 17 Cal. 548; *Lewis* v. *Barclay*, 35 Cal. 213.) In this last case the application was for a writ of mandamus to compel the county judge of Calaveras County to reinstate an appeal which it was claimed he had wrongfully dismissed, and in denying the application this court said: "Mandamus lies to compel an inferior tribunal to perform a duty enjoined by law, if it refuses to do so; but if the duty is judicial, the writ cannot prescribe what the decision of the inferior tribunal shall be. The duty to be performed by the respondent in this case was strictly judicial, and there was no refusal on his part to perform it. He may or may not have erred in the disposition of the case, but whether he did or not, his action cannot be reviewed by mandamus, nor, indeed, by any other means, for the case is one in which the county court had final jurisdiction, and if error was committed there is no remedy."

So in this case the petitioner invoked a judicial decision when he submitted his motion to the superior court for a dismissal of the prosecution there pending against him, and although the judge may have erred in the decision of the question thus submitted, the error cannot be corrected by mandamus.

It follows from these views that the petitioner is not entitled to the relief demanded in the petition, and judgment must be ordered in favor of the defendant.

Judgment for the defendant.

HARRISON, J., PATERSON, J., and FITZGERALD, J., concurred.

BEATTY, C. J., concurring. — A person charged with a criminal offense has a right to a speedy trial, in order that if innocent he may go free. To detain him in custody, or to compel him by the exaction of bail to dance attendance upon a court while his trial is arbitrarily postponed without his consent, is not only a wrong and injustice to him, but is a detriment to the public. The design of the statute, quoted in the opinion of the court, is to prevent these evils. The effect of that opinion,

however, coupled with other decisions in similar cases, is to deprive the statute of its intended operation — so far, at least, as its enforcement by this court is concerned — and to pervert it to a use wholly foreign and inimical to its purpose. In effect, it has been held that, no matter how unjustifiably the right secured by the statute has been disregarded by the superior court, the party injured has no remedy except by an appeal to this court, and this obviously is no remedy at all for an innocent man whose trial has been unreasonably delayed, because upon his acquittal he has nothing to appeal from. The only persons who can appeal are those who have been found guilty, and they, if their convictions are otherwise illegal, have no occasion to resort to this statute for their deliverance. The only person, therefore, who can secure its benefits through the intervention of this court is one who stands convicted under a judgment in all other respects free from error, or in other words, one who is actually guilty of the crime charged against him. (*People* v. *Morino*, 85 Cal. 515.)

It is very safe to say that the legislature would never have enacted such a law if this were the only case in which it could be made effective. The truth is, the law was enacted like all similar provisions relating to criminal procedure, for the benefit of the innocent — and not for the sake of screening the guilty. It is true, with respect to this, as with respect to all rules of procedure deemed necessary for the security of innocent men unjustly accused; guilty men also — being deemed innocent until proved guilty — may take advantage of them, but it is a most extraordinary result that for the wanton and deliberate violation of this rule, an innocent man has no remedy, while one justly convicted of a crime may by means of it evade the penalty. To me it seems there must be a mistake somewhere in the decisions that lead to such a result, and I think the mistake consists either in holding that the injured party cannot resort to a mandamus, as this opinion holds, or, in holding that he cannot resort to *habeas corpus*, as was held upon a former proceeding by this petitioner. (December 12, 1892.)

If an innocent man who is kept in jail month after month, while his trial is arbitrarily postponed, cannot resort to this court for relief, either by *habeas corpus* or by mandamus, I

know of no other remedy he has. Appeal, as above stated, is no remedy, for he cannot appeal until after a trial, and the refusal to bring him to trial is the very wrong of which he complains, and, moreover, being innocent, it is to be presumed he will be acquitted if he ever is brought to trial, and that he will have nothing to appeal from.

I cannot bring myself to admit that for such a wrong there is no remedy, and consequently I feel satisfied that either *habeas corpus* or mandamus must lie. In either case, however, I concede that the petitioner ought not to be discharged unless it should appear that the superior court had abused its discretion in postponing the trial.

In this case I think there were some circumstances in addition to those mentioned in the above opinion, more especially the facts, that the petitioner was on bail; that he was in no wise harmed by the delay, and that material witnesses for the prosecution could not be found — upon which the court could, without an abuse of its discretion, hold that there was cause for the delay in proceeding against the petitioner.

On this ground I concur in the judgment.