THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. C. W. SHINN, *as Judge, etc.*

#### No. 11278.

1. PRACTICE, DISTRICT COURT—*Insufficient Appeal Bond.* Where a party, attempting to appeal from justice's court, gives a bond insufficient in amount, it is the duty of the district court to allow the filing of a new bond.

2. MANDAMUS—*Judicial Acts.* In dismissing an appeal from justice's court, the district court acts judicially, and mandamus will not lie to revise judicial action.

Original proceedings in mandamus. Opinion filed December 10, 1898. Writ refused.

*J. W. Gleed,* and *D. E. Palmer,* for plaintiff.

*Hodgson & Hodgson,* for defendant.

PER CURIAM : In an attempted appeal from a judgment of a justice of the peace the railroad company gave an appeal bond which was insufficient in amount. In the district court the company offered to give a new and sufficient bond, but its application was denied and the appeal dismissed. The company seeks by mandamus to compel the district court to accept the amended bond and to reinstate the appeal. The only substantial objection to the bond was the insufficiency of the amount. The other objections were captious in their nature and not entitled to serious consideration. It was the duty of the court to allow the filing of a new and sufficient bond and to take cognizance of and hear the case upon its merits. ( *St. L. & S. F. Rly. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211.) The amount involved being less than $100, the ruling of the district court dismissing the appeal cannot be reviewed on error or appeal.

Railroad Co. v. Shinn.

The remedy of mandamus, however, is not available. The district court, in dismissing the appeal, acted judicially, and mandamus will not lie to control discretion or to revise judicial action. The fact that the ruling of the inferior court is plainly erroneous is no ground for mandamus where the question of dismissal is properly within its jurisdiction. Nor will mandamus lie even though the party aggrieved has no right of appeal or other remedy to review the action of the court, as the want of such remedy does not of itself entitle the party aggrieved to the extraordinary remedy of mandamus. (High on Ext. Leg. Rem., §§ 173, 189, 190.)    Writ refused.