Weishaar v. Haenky.

JOSEPH WEISHAAR *et al.* v. FRANK W. HAENKY *et ux.*

No. 15,019   (90 Pac. 1134.)

PRACTICE, DISTRICT COURT—*Cause Remanded—Motion for Judgment.* It was said the district court had jurisdiction, after the mandate of this court reversing the judgment of the trial court was brought to its attention by a motion for judgment, to allow or deny the motion.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed May 11, 1907. Remanded for correction and affirmed.

*George W. Hurd, Phinney & Raines,* and *Waters & Waters,* for plaintiffs in error.

*Tufts & Crowell,* and *Henry Elliston,* for defendants in error.

*Per Curiam:* When the record containing the mandate of this court reversing the judgment of the district court a second time for want of sufficient facts was brought to its attention by a motion for judgment a judicial question was presented which the court

had jurisdiction to decide. It had the same jurisdiction to allow that it had to deny the motion. Even if it decided wrong, that fact did not oust it of jurisdiction. (See *Clevenger v. Figley,* 68 Kan. 699, 75 Pac. 1001.)

Proceedings in error to review the judgment rendered not having been commenced in time, this court cannot interfere.

The only other meritorious question is that the Weishaars should have the benefit of the subrogation stipulation signed by the Haenkys. It might perhaps require some finesse to bring the omission under the exceptions taken to the referee's report, but it does not appear to be indispensably necessary that this should be done. The stipulation removed the subject covered by it from further controversy. The matter was no longer one for which the Weishaars were required to contend, and the failure to frame the judgment on the basis of the stipulation may be regarded as a matter of oversight, rather than of error, to be corrected as a matter of course. If it were an ordinary case of failure to request a finding upon a pertinent litigated fact the court would adhere to its rule.

The case is remanded that the judgment may be corrected according to stipulation, and as corrected the judgment of the district court is affirmed.