SWAN JOHNSON, *Plaintiff,* v. W. F. SCHOCH, *as Probate Judge, etc., Defendant.*

No. 17,626.

HEADNOTE BY THE REPORTER.

1. PRACTICE, PROBATE COURT—*Discretionary Matters.* The probate court did not abuse its discretion in refusing to approve an appeal bond in a lunacy proceeding.

2. MANDAMUS—*Judicial Acts.* The writ of mandamus may be granted to require a court to exercise its jurisdiction and proceed to a hearing but it can not be used to control the

decision a court shall make nor require it to exercise judicial discretion in a particular way.

Original proceeding in mandamus. Opinion filed May 22, 1911. Writ denied.

*John F. Hanson,* for the plaintiff.
*James A. McClure,* for the defendant.

*Per Curiam:* In a proceeding in the probate court Swan Johnson, who had been previously adjudged insane, represented that he had been restored to his right mind and he therefore asked to be discharged, but, upon a hearing, it was decided that he had not been cured and restored to reason and the application was denied. Expressing an intention to appeal, the probate court fixed the amount of the appeal bond at $200. He proposed to give his personal bond but this was refused. He then asked the court to make an order by which his estate, in the control of his guardian, said to amount to $2000, might be used as security toward obtaining the appeal, but this request was also refused. Application is made here for a writ of mandamus to compel the probate court to accept the personal bond of Johnson, without security, on the appeal, or, if that is not done, to order the appropriation or use of a part of his estate as security.

The statute provides that, in order to appeal, the appellant shall give a "bond and security." (Laws 1901, ch. 353, § 61, Gen. Stat. 1909, § 8473.) Johnson, having been declared insane, can not give a binding personal obligation and his guardian has not offered to give one for him, nor has he asked that the estate in his charge be used as security upon an appeal. The probate court, in its discretion, determined that it would not, on the application of Johnson, order that his estate should be devoted to further litigation or, rather, used in the taking of an appeal to the district court.

What use shall be made of the estate is a matter within the discretion of the probate court and its discretion can not be controlled by mandamus. The writ may be granted to require a court to exercise its jurisdiction and proceed to a hearing, but it can not be used to control the decision a court shall make nor require it to exercise judicial discretion in a particular way. (*Railroad Co. v. Shinn*, 60 Kan. 111.) The amount of the appeal bond is not excessive, neither can it be said that the court abused its discretion.

The writ is denied.