Lynn v. McCue.

No. 20,996.

THOMAS LYNN, *Appellee*, v. B. M. McCUE et al., *Appellees*, and
THE COMMONWEALTH TRUST COMPANY, *Appellant*.

No. 20,995.

THE STATE OF KANSAS, ex rel. THE COMMONWEALTH TRUST
COMPANY, *Plaintiff*, v. GEORGE J. DOWNER, as District Judge,
etc., *Defendant*.

SYLLABUS BY THE COURT.

EQUITABLE ACTION—*Appeal—Jurisdiction of Trial Court to Interpret
Mandate—Retrial—Appeal too Late—Mandamus—Writ Denied.* A
decision was given upon an appeal in a complicated, equitable action
which involved controversies of a complex character between a num-
ber of parties holding conflicting claims. The judgment was affirmed
in part and reversed in part, directions being given as to the trial
of the undetermined issues. When the mandate was spread of record
and the case was again brought before the trial court that court
was vested with jurisdiction and power to interpret the decision and
mandate of the supreme court which, it is held, were fairly open to
interpretation, and its interpretation of the decision as well as its
rulings and judgment in the second trial, however erroneous, can not
be regarded as absolutely void, but must be treated as errors to be
corrected on appeal, and can not be corrected by a proceeding in
mandamus.

Case No. 20,996. Appeal from Haskell district court;
GEORGE J. DOWNER, judge. Opinion filed December 9, 1916.
Dismissed.

*Lee Monroe*, of Topeka, and *W. S. Roark*, of Junction City,
for the appellant.

*F. Dumont Smith*, of Hutchinson, *Albert Hoskinson*, and *R.
W. Hoskinson*, both of Garden City, for the appellees.

Case No. 20,995. Original proceeding in mandamus. Opin-
ion filed December 9, 1916. Writ denied.

*Lee Monroe*, of Topeka, and *W. S. Roark*, of Junction City,
for the plaintiff.

*F. Dumont Smith*, of Hutchinson, *Albert Hoskinson*, and *R.
W. Hoskinson*, both of Garden City, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.:   These cases are a continuation of the litigation of *Lynn v. McCue,* 94 Kan. 761, 147 Pac. 808, and 96 Kan. 114, 150 Pac. 523.   The first case is an appeal from the judgment of the district court resulting from the second trial, which occurred after the case had been remanded for retrial. The second is an application for a peremptory writ of mandamus to compel the trial court to observe the directions in the mandate of this court, the appellant alleging that the trial court had not taken the steps as ordered, and had not conducted the new trial in accordance with the directions of this court. In the original appeal the judgment of the district court was affirmed in part and in part it was reversed, and the case remanded with directions.   In the mandate to the district court, which was accompanied by copies of the opinions of this court, it was recited that it had been ordered and adjudged by the supreme court that "the judgment of the district court be affirmed as to the plaintiff; otherwise it is set aside with directions to grant to the trust company the relief asked against McCue, and to award to the receiver (for the benefit of the creditors) damages against the trust company in such sum as that company shall be found to have suffered from the conversion referred to."   In the mandate there were further directions as to the apportionment and payment of costs. When the mandate reached the district court it was spread upon the records and an order of sale issued for the sale of the property to satisfy Lynn's judgment.   The sale occurred and was confirmed on September 27, 1915.   Afterwards some additional pleadings were filed in the case, and a second trial was had on October 25, 1915, before a jury which returned a general verdict in favor of the receiver with fourteen special findings of fact upon the issues submitted to it.   One of the findings was set aside by the court on the motion of the trust company.   The motion of the trust company for judgment upon the special findings was denied, the court holding that there were underlying liens against the mortgaged railroad property prior and superior to the lien of the mortgage securing the bonds of the railroad company in excess of the sum of the verdict recovered by the receiver, and therefore refused to

give the receiver an affirmative judgment against the trust company, and further holding that as the trust company was not in its pleadings asking an affirmative judgment against the receiver it could recover nothing in this action. Some orders were made as to the payment of costs and the cancellation of notes, mortgages and indebtedness. Although a motion for a new trial was made by the trust company and overruled on October 29, 1915, no appeal was taken from the rulings and decree of the court until August, 1916. When the appeal was taken the trust company made the application for the writ of mandamus, asking that the district court be compelled to reconvene and enter a judgment in favor of the company as the supreme court had directed, giving it a lien for $400,000 upon the Haskell county lands as prayed for in the answers which it had filed in the original case.

The appeal was not taken within the six months prescribed by the statute. (Laws 1913, ch. 241.) No appeal was taken until August 12, 1916, more than two months after the time allowed for an appeal had expired. It is contended that the trial court disobeyed the mandate of this court as to one branch of the case; that it had no power to do what was done, and, therefore, its judgment was absolutely void. The limitation on appeal it is argued has no application to a void judgment, a nullity, which is open to attack at any time. A consideration of the first opinion and the one delivered on the rehearing shows that the judgment was rendered in a complicated, equitable suit. There were quite a number of parties in the case between whom there was a complexity of controversies and the judgment required the balancing of equities and the adjustment of numerous rights. The opinions and mandate directing the future action of the trial court in the case were open to interpretation. That court had the power to interpret the meaning of the judgment and orders of this court, and if the scope of the inquiry was unduly extended and an unwarranted order or judgment rendered the appellant could have moved to set such order or judgment aside, and if this was denied the ruling could have been corrected on an appeal taken within the statutory time. While it is the clear duty of the trial court, upon a remand of the case with directions to implicitly follow the directions and give effect to the decision of

this court, yet when the directions are not final and specific but are subject to interpretation the action of the court in interpreting them, however erroneous, can not be regarded as absolutely void. Its action was no more than error.

In *Weishaar v. Haenky,* 75 Kan. 848, 90 Pac. 1134, it was said:

"When the record containing the mandate of this court reversing the judgment of the district court a second time for want of sufficient facts was brought to its attention by a motion for judgment a judicial question was presented which the court had jurisdiction to decide. It had the same jurisdiction to allow that it had to deny the motion. Even if it decided wrong, that fact did not oust it of jurisdiction." (p. 848. See also, *Manley v. Park,* 62 Kan. 553, 562, 64 Pac. 28; *Clevenger v. Figley,* 68 Kan. 699, 75 Pac. 1001; *In re Wallace,* 75 Kan. 432, 89 Pac. 687.)

In cases of this character the trial court is not without discretion nor is it governed by an inflexible rule. In *Conroy v. Perry,* 26 Kan. 472, it was said:

"It is true that the mandate issued from this court directed a judgment upon the findings in favor of defendant, but we have heretofore held that such mandate does not compel a mere technical, blind and literal following thereof. It means simply that upon the facts as thus stated, such a judgment ought to be entered, leaving full discretion to the district court to act upon any new facts presented, and to act thereon as justice and equity may require." (p. 473.)

In *Hargis v. Robinson,* 70 Kan. 589, 79 Pac. 119, the same view was taken, where it was said:

"Where the direction in a mandate of the reviewing court is specific and final ordinarily the trial court must carry it into effect. However, a blind, technical and literal compliance with the mandate, without regard to new facts or to justice and equity, is not required." (p. 592. See, also, *Kansas Pacific Rly. Co. v. Amrine, Treasurer, &c.,* 10 Kan. 318; *Duffitt & Ramsey v. Crozier, Judge,* 30 Kan. 150, 1 Pac. 69; *McDonald v. Swisher,* 60 Kan. 610, 57 Pac. 507.)

When the mandate was spread on the record and the question of carrying out the orders and judgment of this court was presented to the trial court it acquired jurisdiction of the case with full power to determine the meaning and scope of the decision given on the appeal and to try the remaining issues in accordance with the rules laid down in the opinions of this court and the directions given in its mandate. An interpretation was placed on the rules and directions of this court which, as we have seen, were open to interpretation. The

case was tried through to the end by the parties as cases are ordinarily tried and if the rules were not properly applied and the directions given were not followed in the subsequent proceedings the errors of the court might have been corrected upon an appeal. The errors, however, are not available after the time for appeal has expired and the extraordinary remedy of mandamus can not be employed for the correction of such errors.

The appeal taken out of time will be dismissed and the application for the peremptory writ of mandamus will be denied.

DAWSON, J., not sitting.