No. 30,542.

EDITH L. BROCKMAN and LOIS BROCKMAN, *Plaintiffs,* v. BERT L. BAYMAN, as Clerk of the City Court of Wichita, Sedgwick County, *Defendant.*

(10 P. 2d 31.)

Opinion filed April 9, 1932.

*E. L. Foulke, Roy H. Wasson* and *Eli Eubanks,* all of Wichita, for the plaintiffs.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an original proceeding in mandamus to

compel the clerk of the city court of Wichita to issue an execution for the enforcement of a judgment rendered by that court from which an attempt had been made to take an appeal, by reason of noncompliance with the new statute relating to such appeals.

The action was brought in the city court to recover money from an insurance company, and a judgment was rendered for plaintiffs on June 1, 1931. On June 11, 1931, the defendant undertook to appeal from the judgment by filing a bond substantially in accordance with the provisions of the old statute, which had been repealed by the act approved March 16, 1931. The clerk of the city court, in which an appeal bond had been filed and approved, prepared and transmitted to the district court a transcript of the proceedings in the city court. Shortly afterwards the plaintiffs filed a motion in the district court to dismiss the appeal on the ground that no notice of appeal had been given as required by chapter 229 of the Laws of 1931. A motion to dismiss the appeal was made, argued and overruled and the case set down for trial on October 19, 1931. Later the plaintiffs asked for a continuance of the case, and its motion was allowed and the case continued to November 9, 1931. Without waiting for the trial the plaintiffs applied for and procured the issuance of the alternative writ of mandamus. The district court in overruling the motion to dismiss held that there was enough in the bond filed by the defendants to constitute a notice of appeal as well as an obligation to satisfy any judgment that might be rendered against the defendant. The bond given recited as follows:

"Whereas, the defendant Mutual Benefit Health & Accident Association intends to appeal to the district court of said county from a judgment rendered against it in favor of the plaintiff, Edith L. Brockman, et al., on 1st day of June, 1931, by the city court of Wichita;

"Now, we the undersigned, residents of said county, bind ourselves to the plaintiff in the sum of 800 dollars that said defendant shall prosecute its appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against it therein."

This bond was in conformity to the provisions for an appeal under the old statute, which was in effect until March 16, 1931, and which provided:

"No notice of appeal shall be required to be filed or served," etc. (R. S. 61-1003.)

The new statute provides, among other things:

"All appeals from justice of the peace and city and county courts in civil cases shall be by notice of appeal specifying the order, ruling, decision or judg-

ment complained of, and shall be filed in the court from which the appeal is taken within ten days from, the date of such order, ruling, decision or judgment.

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal, unless, by reason of his poverty, he is unable to give security for costs, which fact shall be shown by affidavit filed in said court at the time the appeal is taken. And thereupon the appeal shall be deemed perfected." (Laws 1931, ch. 229, §§ 1, 2.)

There are other provisions in the act that the taking of the appeal shall not stay proceedings unless a bond is given, and that an appeal from an order sustaining or overruling motions to dissolve attachment or discharge a garnishment or to vacate the levy under an execution on property claimed to be exempt, shall stay proceedings without giving a bond, and that there shall be no stay in the enforcement of judgments in forcible entry and detainer.

In this court defendant first contends that plaintiffs are not entitled to use the extraordinary remedy of mandamus, inasmuch as there is an adequate remedy at law by an appeal. It is conceded that the extraordinary remedy is not available where there is an adequate remedy at law. If error was committed it could have been corrected upon appeal at the end of the trial in the district court. Plaintiffs say that this is not adequate in that plaintiffs would be required to wait the final judgment, but it is manifest that little, if any, more time would be necessary to obtain final decision on an appeal than it would take to procure the issue of the extraordinary writ and the trial of that issue. The district court interpreted the recitals in the appeal paper and held that it contained the equivalent of a notice under the new statute, and since the notice and bond might be, if clearly stated, embraced in a single paper, there is some basis for the argument that a notice was in effect given. On this point the district court took judicial action and continued the case to a day certain upon plaintiffs' application. If plaintiffs had availed themselves of this early opportunity to try the appeal and obtain a decision as to the sufficiency of the notice, there would have been little, if any, delay and no occasion to resort to the extraordinary writ of mandamus. The code provides that—

"The writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law," etc. (R. S. 60-1702.)

Cases touching this question are *Hall v. Stewart*, 23 Kan. 396; *Railroad Co. v. Shinn*, 60 Kan. 111, 55 Pac. 346; *Lynn v. McCue*, 99 Kan. 400, 161 Pac. 613.

Plaintiffs cite and rely on *Powell v. Bradley,* 86 Kan. 198, 119 Pac. 543, but there no appeal had been taken, nor had there been any adjudication as to the sufficiency of the notice to effect an appeal, and hence it was held that the remedy was available. Here the court ruled that a notice of appeal had been given and that an effective appeal had been taken. The rule is that mandamus cannot be used to correct errors or revise judicial action. In *Railroad Co. v. Shinn,* supra, it was said:

"The district court, in dismissing the appeal, acted judicially, and mandamus will not lie to control discretion or to revise judicial action. The fact that the ruling of the inferior court is plainly erroneous is no ground for mandamus where the question of dismissal is properly within its jurisdiction. Nor will mandamus lie even though the party aggrieved has no right of appeal or other remedy to review the action of the court, as the want of such remedy does not of itself entitle the party aggrieved to the extraordinary remedy of mandamus." (p. 112.)

Our conclusion is that plaintiffs were not entitled to the extraordinary remedy of mandamus.

Because of the diversity in the opinions of the courts in the steps necessary to an appeal under the new act, and also that a declaratory judgment is asked, it is thought not to be improper and possibly helpful to interpret that statute and state the view of the court as to the matter of notice in taking an appeal. The defendant filed a form of appeal commonly used for years in taking an appeal under the old and repealed act. Under that act, as we have seen, no notice of appeal was necessary. The legislature in the new enactment, for reasons of its own, provided that appeals should be taken by virtue of a notice. It made that an essential step. It cannot be taken by the filing of a stay bond. An appeal is effective when the notice is filed and security for costs given. Unless a stay of execution is desired no bond to pay any judgment that may be rendered is required to be given. The notice is made the paramount step and a prerequisite to an effective appeal. It was competent for the legislature to prescribe the conditions upon which an appeal may be taken and it has made the notice a primary and essential requirement. It is a simple and easy method of obtaining a trial *de novo* in the district court. All that is required is to file the notice in the court that rendered the judgment within the time limited. It is not even required that the notice shall be served upon the adverse party, but simple and easy as it is, it has been made indispensable and the appealing party cannot substitute some other method which

he may think is equally good. The recital in the bond does not, we think, measure up to the requirement of the new act as a preliminary to the bond given by the defendant. It states that it intends to appeal. When? That may be sometime in the future, and besides he might change his intention. The required notice is that he is appealing now and this is to be shown by the notice he is filing. We think that a distinct formal notice should be filed, one which affords the appellee definite information that an appeal has been taken and that another trial was to be had. As a remedy of mandamus was not available to plaintiffs, the judgment necessarily must be a dismissal of the proceeding. It is so ordered.