No. 36,560

DANIEL MAHONEY and ROBERT W. DOWNIE, Executors of the Last Will and Testament of John Supple, deceased, et al., *Plaintiffs,* v. A. K. STAVELY, as Judge of the District Court of Osage County, *Defendant.*

(165 P. 2d 230)

Opinion filed January 26, 1946.

Alex Hotchkiss, of Lyndon, argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, were on the briefs for the plaintiffs.

*Barton E. Griffith,* of Topeka, argued the cause for the defendant.

*C. P. Schenck* and *Frank E. Miller,* both of Topeka, as *amici curiae.*

The opinion of the court was delivered by

HARVEY, C. J.: This is an original proceeding in mandamus to require the district judge of Osage county to decide a case in that court and render a judgment thereon. The hearing here was upon defendant's motion to quash the alternative writ.

From the motion for the writ with exhibits attached, and the motion to quash with an exhibit attached—all of which exhibits are conceded to be correct copies of certain papers filed in the district court—the material facts may be stated as follows: John Supple, a resident of Osage county, died leaving a will, which was duly ad-

mitted to probate and executors appointed. The executors administered the estate and made their final accounting, which they asked the court to approve. This was done, and no controversy appears to have been made over the correctness of that ruling. The will contained a clause, spoken of as the "fourth paragraph," which attempted to dispose of the residue of the estate by creating a trust, the income of the property to be distributed to seventeen named persons, who perhaps were related in some way to the testator. At the time of the filing of the final settlement the executors asked the court to construe the will so that the property referred to in the fourth paragraph of the will would be distributed immediately to the persons named in that paragraph. John Michael Supple, the son of the testator and the only person who would have been his heir at law had he died intestate, filed an answer to the executors' petition to construe the will and for immediate distribution of the property, also asking the court to construe the will and to hold the fourth paragraph to be void for reasons that need not now be stated, and to further hold that the testator died intestate as to the property referred to in that paragraph, and that the same should be assigned to him as his sole property. The probate court construed the will, held the fourth paragraph to be void, denied the petition of the executors with respect to the manner in which the property should be distributed, and held that it passed to the son of the testator as intestate property. The executors and the parties named as beneficiaries in the fourth paragraph of the will appealed to the district court. There was a trial in the district court at which evidence was offered, and after due consideration the court made an entry in its trial docket as follows: "May 7, 1945—Appeal Dismissed." On the same day the court filed with the clerk of the district court a "memorandum opinion," the reading of which indicates that the court decided every controverted question that had been presented to the court. In the motion for the writ in this court the entry in the court's trial docket was set up, but no reference was made to the memorandum opinion. This is the instrument that is attached to the motion to quash. Within due time counsel for the appellants in the district court filed a motion for a new trial upon the grounds: "(1) Because of erroneous rulings of the court. (2) That the report and decision of the court is contrary to the evidence." They also filed a motion asking the court to clarify and modify its order by rendering a judgment upon the issues either

for or against the appellants. These motions came on for hearing before the court on June 1, 1945, were argued by counsel, considered by the court, and overruled. No appeal was taken from the decision of the court of May 7, 1945, nor was any appeal taken from the orders of the court of June 1, 1945. On August 10, 1945, proceeding under G. S. 1935, 60-3011 and 60-3007, seventh clause, the appellants in the district court filed a petition in that court to vacate the court's order of May 7, 1945, and also its order of June 1, 1945, overruling the motions. This is a lengthy document in which the relief sought is predicated upon the delay of opposing counsel to prepare a formal journal entry of the proceedings in court on May 7 and on June 1, 1945, alleging they had relied upon certain conversations and representations of opposing counsel, the most of which took place after the time for appeal had expired. Counsel for John Michael Supple filed a demurrer to this petition to vacate, which demurrer was presented to and considered by the court and sustained on October 25, 1945, and there has been no appeal from that ruling.

The plaintiffs in this proceeding are the same parties who were appellants in the district court.

In support of the motion to quash the alternative writ it is argued that the plaintiffs in this proceeding are attempting to use the original jurisdiction of this court as a substitute for its appellate jurisdiction. We think the point is well taken.

The original jurisdiction of this court is limited to "proceedings in quo warranto, mandamus and habeas corpus"; the appellate jurisdiction is limited to that which "may be provided by law." (Const. art. 3, § 3.) Our applicable statute relating to appeals requires the appeal to be taken "within two months from the date of the judgment or order from which the appeal is taken." (G. S. 1943 Supp. 60-3309.)

The real question before us is whether the respective above-mentioned judgments or orders made by the district court May 7, June 1 and October 25, 1945, are, or any one of them is, an appealable judgment, or order. Plaintiffs argue that the order made by the trial court of May 7, 1945, as shown by its trial docket is void. In support of that they site G. S. 1935, 60-3105, which sets forth five circumstances in which an action may be dismissed "without prejudice," and concludes, "In all other cases, upon the trial of the action the decision must be upon the merits." The citation is not applica-

ble, for even in a trial "upon the merits" the court is not precluded from considering all questions presented, and upon such consideration dismissing the action with prejudice. Indeed, that is sometimes done in this court as well as in trial courts. Counsel cite definitions of the word "dismiss" and cases in which the word is distinguished from "judgment" or "adjudication." The only basis for this argument is the notation of the trial court on its docket and the fact that plaintiffs omitted from their motion for the writ the memorandum decision of the court, which clearly shows an adjudication of the controversy. The excuse for omitting this is that it is not an instrument required by law to be filed. The same excuse applies to the notation made by the court on its trial docket. (See *Gates v. Gates,* 160 Kan. 428, 431-433, 163 P. 2d 395, where the earlier cases were collected.) Indeed, what we ordinarily speak of as the court's docket is not a record required by statute to be kept. Among the dockets the clerk is required to keep is a trial docket (G. S. 1935, 60-3801), and G. S. 1935, 60-2935, requires that the clerk publish the same before each session of the court for the use of the bar. Such a docket is simply a list of cases for consideration, with such other data as the clerk may use. The entry made in what we speak of as the court's trial docket might just as well be made in any other form. The notation the court makes in its trial docket may at times have a useful purpose. Perhaps it has been more frequently used in motions for *nunc pro tunc* orders for the court to refresh its recollection of what took place. An opinion of the court filed with the clerk is not required by law, but the practice of doing so has been encouraged, and frequently reference has been made to such opinions both in briefs of counsel and in opinions of this court. They tend to show not only the particular questions which were presented and the ruling the court made thereon, but the reasons that prompted the ruling. The action of the trial court would have been much better disclosed by including the opinion of the court in the motion for the writ. Neither the notation on the trial docket nor the opinion of the trial court constitutes the record required by law to be kept. That record should be made in the journal of the court. (G. S. 1935, 60-3803.) Rule 49 of this court (printed in G. S. 1935, 60-3827, for the convenience of the bar) for the preparation of a journal entry was designed to supplement the statute (G. S. 1935, 60-3803) in order that counsel for the parties

may know and if possible agree upon the entry to be made in the journal. The fact, however, that a journal entry is not prepared by counsel, or that the entry of the court's judgment is not entered in the journal of the court does not abrogate the court's judgment nor prolong the time for an appeal. (See *Gates v. Gates,* supra, where earlier cases on that point are referred to.) Counsel for plaintiffs also cite the provision of our probate code (G. S. 1943 Supp. 59-2408) as to the duties of the district court with respect to a case appealed to it from the probate court.

The court's "memorandum opinion" indicates the case was handled in harmony with this statute. It is inaccurate to say the trial court did no more on May 7, 1945, than to dismiss the appeal. Any argument predicated upon that view is without merit.

An order of dismissal requires judicial action. An order of the district court dismissing a civil action, or an appeal from an inferior court, puts an end to the action or to the appellant's appeal, unless modified or set aside by that court. It is a judgment as defined in G. S. 1935, 60-3101, and is such a final order that an appeal therefrom may be taken under G. S. 1935, 60-3302. See *Houston v. Clark,* 36 Kan. 412, 13 Pac. 739; *Oberlander v. Confrey,* 38 Kan. 462, 17 Pac. 88; *Allen v. Dodson, Sheriff,* 39 Kan. 220, 17 Pac. 667; *Boot and Shoe Co. v. Derse,* 41 Kan. 150, 21 Pac. 167; *Hargis v. Robinson,* 70 Kan. 589, 79 Pac. 119. In *Railroad Co. v. Shinn,* 60 Kan. 111, 55 Pac. 346, it was held:

"In dismissing an appeal from justice's court, the district court acts judicially, and mandamus will not lie to revise judicial action."

See, also, *State, ex rel., v. Norton,* 20 Kan. 506; *Johnson v. Schoch,* 84 Kan. 884, 115 Pac. 638; *Lynn v. McCue,* 99 Kan. 400, 161 Pac. 613; *Brockman v. Bayman,* 135 Kan. 238, 10 P. 2d 31.

So, if the trial court had done nothing more on May 7, 1945, than to dismiss the appeal its action was a judicial one, a final order, one from which an appeal could have been taken; and that is the procedure outlined by our law for reviewing the decision. It appears, however, it did more than simply dismiss the appeal—it heard the evidence and decided the controverted issues and wrote a memorandum opinion embodying its conclusions. Counsel on either side should have had no serious difficulty in preparing the form of an entry for the journal of the court embodying the court's decision. More than that, it is clear that appellants in the district court recog-

nized the action of the court on that date as being an adjudication of the matters presented to the court. They filed a motion for a new trial predicated upon that view, and a further motion to modify the order made. When they filed their petition August 10, 1945, to set aside the previous orders of the court they frankly asserted that they had let the time for appeal go by and stated the reasons for doing so, which the trial court thought inadequate, and sustained a demurrer thereto.

The arguments in this case have taken a somewhat wider range than the discussion heretofore made in this opinion. We have carefully considered all counsel have said and find that the other matters discussed in the brief have but little if any bearing upon the questions before us, and for that reason need not be discussed.

It seems clear from the record as a whole that the plaintiffs in this proceeding had ample opportunity to appeal from any of the orders of the trial court of which they now complain, and simply let the time for appeal go by.

We do not have before us the correctness of the ruling of the trial court. That question has not been brought to us in the only way we would have jurisdiction to entertain it. Certainly neither the framers of our constitution nor the legislature intended that we should substitute the original jurisdiction given us by the constitution for our appellate jurisdiction, which must be provided by law.

The result is that defendant's motion to quash the alternative writ should be sustained and this proceeding should be dismissed. It is so ordered.