JONAS WYETH *vs.* SAMUEL W. RICHARDSON.

Exceptions do not lie to the discharge of a prisoner on *habeas corpus* by a single judge.

HABEAS CORPUS. The petitioner was arrested under a warrant issued against him by the governor of Massachusetts on the requisition of the governor of Iowa. After the issuing of this writ, the governor revoked his warrant, and the prisoner

demanded his discharge. The respondent contended that the governor had no power to revoke such a warrant once issued. But *Bigelow*, J. ruled otherwise, and discharged the prisoner. The respondent alleged exceptions.

*J. C. Park*, for the respondent.

*R. Choate & J. A. Andrew*, for the petitioner.

SHAW, C. J. The general principles of law are opposed to the allowance of exceptions in this case. The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty. The allowance of exceptions would be inconsistent with the object of the writ. The consequence of allowing exceptions must be, either that all further proceedings be stayed, which would be wholly inconsistent with the purpose of the writ; or that the exceptions must be held frivolous, and judgment rendered *non obstante* for the discharge of the party, in which case the exceptions would be unavailing. The allowance of exceptions being thus inconsistent with the very purpose of the writ, the conclusion must be that the exceptions do not lie.

Section 26 of chapter 81 of the Revised Statutes, authorizing any question of law arising " in any trial or other proceeding, either of a civil or criminal nature, at law or in equity," before this court when held by one justice, to be reserved and reported for the consideration of the full court, applies to another class of cases. The right to except to the opinion of one judge in cases of divorce stands on the special provision of Rev. Sts. *c.* 76, § 7.

In the present case, we do not mean to intimate that the party was not rightly discharged from custody, nor that the executive could rightfully revoke a warrant issued for the arrest of a fugitive from justice from another state. Not being within the jurisdiction of the court, we pass no judgment on that question.

Power given to a judge in vacation in cases of *habeas corpus* may be exercised without being in court or making the case a matter of record. It is a special power, conferred by statute, to be used by a judge as judge, not as a court; though if the court is in session when the writ is returned, the judge may

adjourn the case into court. Rev. Sts. *c.* 111, § 9. There is no appellate power over such decisions made at chambers by a justice of this court. For similar cases in the supreme court of the United States, see *In re Metzger*, 5 How. 176; *In re Kaine*, 14 How. 103.

The court will exercise no appellate jurisdiction; but where they have authority to issue the writ, if upon its return it appears that the party is committed by a court of competent jurisdiction under a regular process, this court will not inquire into the regularity of the judgment on which he is committed.

A more particular examination of the provisions of the statute confirms our conclusion that these exceptions must be dismissed. The writ of *habeas corpus* is to be issued "without delay," and returnable "forthwith," either before this court or before any one of the justices thereof. Rev. Sts. *c.* 111, § 4. "The court or judge shall, without delay, proceed to examine the causes of the imprisonment or restraint." § 18. "The court or judge shall proceed, in a summary way," to examine the causes of the imprisonment or restraint, and to hear all parties for or against it, "and thereupon to dispose of the party as law and justice require." § 21. ⸱*Exceptions dismissed.*[*]