# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1885.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. WILLIAM A. JOHNSTON, }

### The State of Kansas v. Robert Forbriger.

1. Misdemeanor — *Complaint to District Judge.* Where a private citizen presents to the judge of the district court a complaint in writing and under oath, charging the defendant with the commission of a misdemeanor for which the punishment may be a fine not exceeding $500, and imprisonment in the county jail not exceeding one year, and the complainant demands of the judge that a warrant shall be issued for the arrest of the defendant, and that the judge shall take cognizance of the complaint and hear and determine the case, and the judge refuses, *held,* that no appeal lies to the supreme court from such refusal.

2. ———— *Quære.* Is not the decision of the judge in such a case correct?

*Appeal from Atchison County.*

The facts sufficiently appear in the following opinion, filed by Hon. David Martin, the district judge who heard the case:

"On February 14, 1885, L. C. Challiss made oath before the judge of this court to a complaint against Robert Forbriger, charging him with unlawfully and willfully exacting, demanding and receiving more than was due to him for his services as assessor of the city of Atchison for the year 1884. The complaint is drawn to charge the said Robert Forbriger with

a misdemeanor under § 210 of the crimes act. The complainant, through his attorneys, Coates & Bird, requests the judge to issue a warrant under his own hand for the arrest of said Robert Forbriger, commanding that he be brought before the judge at the district court within and for the county of Atchison, to answer said charge.

"A proceeding of this nature is without precedent in this state, so far as the knowledge of the judge extends. If private persons can prefer criminal complaints against others directly to the district judges or to the justices of the supreme court, and require such judges or justices to enter upon preliminary examinations of the alleged offenders without reference to the views of the attorney general or the county attorney as to the propriety or expediency of instituting such criminal prosecutions, great labor will be cast upon such judges and justices, and much expense thrown upon the public in addition to what has heretofore been customary. But counsel for the complainant contend that such a practice is expressly authorized by our code of criminal procedure; and if such be the written law, then no considerations of inconvenience or expense should be of any weight.

"In view of the importance of this proposed departure from the criminal practice which has heretofore obtained, the judge has withheld his signature from the blank warrant presented with the complaint until time could be had to make some investigation of the subject.

"Article 2, of the code of criminal procedure, relates to proceedings to prevent the commission of offenses, and § 7 names judges of the supreme court, judges of the district courts, justices of the peace, and the mayors and police magistrates or judges of cities, as magistrates who are authorized to preserve the public peace, and to require persons to give security to keep the peace. Article 5 of said code refers to the arrest and examination of offenders, and §§ 35 and 36 thereof are as follows:

"'Sec. 35. For the apprehension of persons charged with offenses, the magistrates named in article two are authorized to issue process to carry into effect the provisions of this article.

"'Sec. 36. Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine on oath the complainant and any witness produced by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed, the court or justice shall issue a warrant, naming or describing the offense charged to have been committed, and the county in which it was committed, and requiring the officer to whom it shall be directed forthwith to take the person ac-

cused and bring him before some court or magistrate of the county to be dealt with according to law; and in the same warrant may require the officer to summon such witnesses as shall be therein named to appear and give evidence on the examination.'

"Section 37 prescribes the form of the warrant, which ends with 'C. D., justice of the peace for —— county.'.

"It is claimed that the language of §§ 35 and 36, and the reference to 'the magistrates named in article two,' expressly authorize this proceeding. And if these sections were to be construed alone, this position would be a very strong one. But we must construe them with reference to other sections *in pari materia*, as ruled in *The State v. Davis*, 26 Kas. 205. In that case, notwithstanding police magistrates of cities are expressly named in said sections as being authorized to cause the apprehension and conduct the examination of offenders, it was held that a police judge of a city of the second class has no authority to cause a person charged with an offense against the criminal laws of the state, committed beyond the limits of the corporation, to be examined before him for such an offense, or to commit him to jail therefor, or to hold him by bail for trial before the district court. The case shows that those sections are to be construed with reference to the jurisdiction and authority of the officers and courts therein mentioned.

"At the time of the enactment of our criminal code, justices of the peace had exclusive original jurisdiction in all cases of misdemeanor in which the fine could not exceed $500 nor the imprisonment one year. Now in such a case, if by the provisions of said §§ 7, 35 and 36, the district judge was authorized to issue a warrant, certainly it could not have been made returnable into the district court, for said court would have no right to try the alleged offender. And if by those sections the chief justice of the supreme court is now authorized to issue a warrant, it could not be made returnable into the court over which he presides, for by the constitution of the state the supreme court has no original jurisdiction except in proceedings in *quo warranto*, *mandamus*, and *habeas corpus*. So that neither the chief justice nor the supreme court could in any manner control the action of a district court, or district judge, or justice of the peace, in a criminal action while pending before such court, or judge, or justice of the peace. If, therefore, a complaint like the present one should be lodged with the chief justice, and he deemed said sections as sufficient to authorize him to issue a warrant, he might properly decline to do so, unless in a case where prompt action would be necessary to pre-

vent the escape of the alleged offender from the state, for neither the chief justice nor the supreme court would have any power to proceed with the case.

"No criminal action commenced originally in the district court can be prosecuted in any other manner than upon indictment or information. The charge made against said Robert Forbriger cannot be tried in this court on the complaint made under oath by L. C. Challiss. Before any trial can be had, an information must be made and filed by the county attorney or by the attorney general, and such an information can be made and filed without regard to any such complaint, and a warrant may issue directly upon the information being made and filed. (Criminal Code, §§ 66, 67, 102.)

"It is stated by counsel, however, that the county attorney refuses to file an information against said Robert Forbriger, and the purpose of counsel for complainant seems to be to have the prosecution commenced, and then by an order of court compel the county attorney to file an information. But the court has the same authority to order the filing of an information without the issuing of a warrant as with it. The county attorney is, however, necessarily vested with a broad discretion as to the cases coming to his knowledge which demand prosecution under the criminal laws. The only statutory provision for the court or judge requiring him to file an information is found in § 71 of the code of criminal procedure, which reads as follows:

"'The district judge may, in extreme cases, upon affidavits with him filed, of the commission of crime, require the prosecuting attorney to prosecute any criminal by information for such crime, and may compel by attachment, fine or imprisonment the compliance with this section.'

"The judge has not conversed nor held any communication with the county attorney concerning the proposed prosecution of said Robert Forbriger, and knows nothing of his views on the subject except as stated by the counsel for complainant. And it is generally both impracticable and indelicate for a judge to make a preliminary investigation of charges of crime for the purpose of deciding whether a public prosecution should be instituted or not. That duty is specially committed to the county attorney of each county, and only 'in extreme cases' where it is apparent that the prosecuting officer is abusing his discretion for the purpose of shielding persons accused of public offenses, would the court be justified in compelling the filing of an information by a county attorney when after an investigation he has determined not to do so.

"It is not claimed that there is any probability of said Robert Forbriger leaving the state; so there is no need of prompt action to secure his personal presence when needed. Under these circumstances, and for the reasons hereinbefore briefly stated, the judge declines to issue a warrant for the arrest of said Robert Forbriger."

*The State* appeals.

*S. B. Bradford,* attorney general, and *L. F. Bird,* for The State.

*Mills & Wells,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: On February 14, 1885, Luther C. Challiss, a private citizen, presented to the Honorable David Martin, judge of the district court of the second judicial district, a complaint in writing, and under oath, charging Robert Forbriger with the commission of a public offense, a misdemeanor, under · § 210 of the crimes act, for which offense the punishment may be a fine not exceeding $500 and imprisonment in the county jail not exceeding one year. The complainant demanded of the judge that a warrant should be issued for the arrest of Forbriger, and that the judge should take cognizance of the complaint and hear and determine the case. The judge, however, refused so to do, and from such refusal a supposed appeal, ostensibly by the state, has been taken to this court.

We think the supposed appeal must be dismissed, for the reason that no appeal in any such case is authorized by any statute of the state of Kansas. The case has never been in the district court, and no jurisdiction has ever been obtained over Forbriger by any court or judge. The case was instituted before Judge Martin as a supposed magistrate, under the supposed authority of §§ 7, 35 and 36 of the criminal code. Now supposing that the judge of the district court is a magistrate under said sections, and that he may take jurisdiction in any case provided for by the same, still no appeal from the decision of such magistrate

1. Misdemeanor; complaint to district judge.

in such a case will lie to the supreme court, or to any other court. The proceeding in such a case is merely a preliminary examination, which is not appealable to any court.

But even if we should consider that the proceeding in such a case is more than a preliminary examination, and that the judge of the district court is invested by these sections, and § 1, article 1, of the justices' misdemeanor act, with the same jurisdiction that a justice of the peace would have in a like case, and with the power to hear and determine the case finally upon its merits, still, neither the state nor any private citizen prosecuting in the name of the state would have any appeal to the supreme court, or to any other court, but the defendant only would have such appeal, and his appeal would not be to the supreme court, but to the district court. (Justices' Misdemeanor Act, art. 4, § 21.) The defendant, however, in this case is charged with the commission of a misdemeanor in which the punishment cannot exceed a fine of $500 and imprisonment for one year, and there is no necessity for a preliminary examination in such a case, even if a preliminary examination could be had at all. (*In re Donnelly,* 30 Kas. 191, 424.) And only justices of the peace and the district courts have original jurisdiction to hear and determine such cases. (*In re Donnelly,* supra; Justices' Misdemeanor Act, art. 1, § 1.) District judges have no such jurisdiction in such cases. Previous to March 1, 1869, justices of the peace had exclusive original jurisdiction of this class of cases, but at that time the law was so changed that the district courts now have equal and concurrent jurisdiction with justices of the peace; but there is no provision anywhere in the statutes authorizing any other court or any judge or magistrate to take original jurisdiction of such cases. Hence the jurisdiction is exclusive in justices' courts and in the district courts. Besides, in the district courts, all criminal prosecutions must be carried on upon informations filed by a public prosecutor, or indictments found by the grand jury, (*The State v. Brooks,* 33 Kas. 708,) and not upon complaints filed by a merely private citizen.

But it is not claimed in this case that this prosecution has been instituted in the district court, but it is claimed that it has been instituted before the district judge as a magistrate, under said §§ 7, 35 and 36 of the criminal code. We suppose that it will hardly be claimed that the judge can exercise jurisdiction over this class of cases as a judge of the district court at chambers, for chambers business relates merely to matters pending, or to be instituted, in the judge's own court, and not to matters having no connection with his court, or which relate only to something pending in some other court, or before some magistrate. Besides, if the case is to be tried before the judge upon its merits, the defendant would be entitled to a jury trial, and a judge at chambers cannot impanel a jury. If, however, it should be claimed and admitted that the judge, in a case like this, would not be exercising jurisdiction of matters pertaining to the district court, but would be exercising jurisdiction as a magistrate, or some other court, independent of the district court, then would he not, in exercising such jurisdiction, be violating that provision of the constitution of the state which prohibits all judges of the district court and justices of the supreme court from holding "any other office of profit or trust under the authority of the state or United States during the term of office for which said justices and judges shall be elected"? (Const., art. 3, § 13.) A district judge should not be both a judge of the district court, and a magistrate independent of such court. The positions are not merely one, but are two; and the position of magistrate is certainly an office of trust, if not of profit.

2. Quære.

We think the appeal in this case must be dismissed, for the reason that no appeal in this class of cases lies to the supreme court. If, however, we should go further in this case, and investigate the merits, which it has not been our intention to do except incidentally, we would probably reach the same conclusion that the judge of the district court did.

Appeal dismissed.

All the Justices concurring.