PORTER S. COOK v. DANIEL F. WYATT.

No. 11204.

HABEAS CORPUS—*Right of Appeal.* A witness who refused to give his deposition before a justice of the peace was adjudged guilty of contempt and committed to the custody of the sheriff. In a *habeas corpus* proceeding the district court held that the imprisonment was illegal and ordered the discharge of the witness. The sheriff undertook to bring the case to the supreme court for review. *Held,* that the sheriff had no authority or right to maintain an appeal, or to institute a proceeding to review the action of the district court.

Appeal from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 6, 1899. Dismissed.

*Garver & Larimer,* for appellant.

*W. E. Fagan,* for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: This litigation results from an attempt to take the deposition of Daniel F. Wyatt for use in an injunction proceeding pending in the district court of Shawnee county, wherein the state of Kansas is plaintiff and L. R. Hoffman is defendant. Wyatt refused to testify, on the ground that he was a resident of Shawnee county and intended to remain there; that he was in good health, and knew of no reason or cause to prevent him from attending the trial of the cause;

and further, that his fees, which he had demanded, had not been paid. On his refusal, the justice of the peace before whom the depositions were being taken found him guilty of contempt, and the judgment was that Wyatt be imprisoned until he would submit to testify and give his deposition. At once he prosecuted a proceeding in *habeas corpus* in the district court, alleging that the imprisonment was illegal; that the deposition was not taken in good faith, with the intention of using the same; that he was a resident of the county, and had no intention of leaving it or of evading the process of the court; that he expected to be present at the next term of the court; and further, that the witness fees, which he had demanded, were not paid. Considerable testimony was produced on the hearing, upon which the district court decided that the petitioner was entitled to his discharge, for the reason that, being a resident of the county, and intending not to depart therefrom, and not being sick or infirm at the time the deposition was to be taken, the plaintiff in the injunction suit had no right to take his deposition. After the discharge, the sheriff, who had been holding the petitioner, undertook to appeal from the decision. The petitioner, among other objections, challenges the right of the sheriff to prosecute the appeal or to institute a proceeding in error.

It is a serious question whether the decision of the district court discharging the petitioner is reviewable at the instance of any one. Many authorities hold that in the absence of statutory provisions the decision in a *habeas corpus* case is not so far final and conclusive in its character as to support a review or give an appeal. They hold that the doctrine of *res judicata* has no application to such cases, and that a party who has been refused a discharge on one writ may pursue

Cook v. Wyatt.

the remedy by applying for other writs before other courts until he has exhausted the entire judiciary power of the state.  (9 Encycl. Pl. & Pr. 1070–1072.)

But assuming, without deciding, that a review may be had in some cases, and by a party having an appealable interest, it seems clear that the sheriff has no such interest, nor any right to institute a proceeding in error in this case.   The public is interested in the vindication of the law and the punishment of offenders, but the sheriff is not charged with the duty of taking appeals or instituting proceedings in error on behalf of the state.   While it is within the power of the legislature to make the sheriff a representative of the state in initiating legal proceedings in behalf of the state, that duty and responsibility have been confided to other officers.   "So, where a public duty is neglected, the party wronged, the public, should be the complainant and her officers should conduct the suit.   The great business of the public is carried on by agents, officers whom the people select, and if the public suffers wrong it is the duty of these agents to see that such wrong is righted.   The county attorney and attorney-general are the officers specially charged with the duty of representing the public in all litigation."   As representatives of the state, they are authorized by law to use the name of the state in bringing actions, and may institute proceedings to correct public grievances, enforce public rights, and protect public interests, but no such power has been conferred on the sheriff.  Neither the attorney-general nor the county attorney asked for a review in this case, but the proceeding was begun by the sheriff, whose only function and interest was the execution of the process which had been placed in his hands and the observance of the orders made by the court.   He acts under the direction of the

court, and when the court ordered the discharge of Wyatt, his duties in the matter were ended. Why should he assume that the court, whose officer he is, had committed an error against the state, and that he, as the champion of the state, should begin a legal proceeding to demonstrate that the court was in error and that there had been an infraction of the rights of the public?

It is not difficult to see that the state may have an interest which would warrant the institution of legal proceedings, but that must be done, if at all, through her proper law officers. (*The State v. Anderson*, 5 Kan. 90; *Craft v. Jackson County*, 5 id. 518.)

A refusal of a witness to testify, when legally required to do so, is a contempt of a criminal nature. In a somewhat similar case it was said: "When the petitioner refused to answer the question and a controversy arose, he was in effect accused of an offense. The state was the plaintiff and the petitioner the defendant." (*In re Sims*, 54 Kan. 12, 37 Pac. 138.) The sheriff to whom process was issued for the enforcement of the judgment of the court stands in no different relation to the court and the parties than he does in an ordinary criminal proceeding. In the present case it was the state that was seeking to take the testimony and the state which had a right to appeal from the discharge of the witness by the district court, if any right of appeal existed. As the duty and power of commencing and carrying on litigation in behalf of the public are vested in the prosecuting officers of the state, the sheriff was without authority to institute this review, and therefore the motion to dismiss will be sustained.