THE STATE OF KANSAS, *Appellant*, V. GEORGE RAY, *Appellee.*

No. 16,456.

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Appeal from Examining Magistrate to District Court.* The civil code (old Civ. Code, § 672; Civ. Code 1909, § 700) gives a party committed for a crime by an examining magistrate an appeal to the district court by the writ of *habeas corpus.*

2. ———— *Discharge by District Court—Appeal to the Supreme Court.* Where an appeal is so taken to the district court from the order of an examining magistrate committing a person upon a criminal charge, and he is upon such proceedings discharged by the district court for want of probable cause to hold him for trial, there is no authority for an appeal to this court from the order discharging the prisoner.

Appeal from Leavenworth district court; ELI NIRDLINGER, judge *pro tem.* Opinion filed November 6, 1909. Dismissed.

*Fred S. Jackson,* attorney-general, and *Lee Bond,* county attorney, for the appellant; *W. W. Hooper,* of counsel.

*John T. O'Keefe,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The defendant was arrested upon a charge of perjury, and upon the preliminary examination was held for trial in the district court. He was then taken from the custody of the sheriff in proceedings in habeas corpus before the district court, and upon the trial was discharged. From this order the state appeals.

The record contains the testimony given before the committing magistrate, which was repeated on the trial in the district court, together with other evidence, but in view of the conclusions reached it will not be necessary to review this evidence.

The question whether the order discharging the defendant is appealable must be considered. Section 672 of the civil code provides:

"No person shall be discharged from an order of commitment issued by any judicial or peace officer for want of bail, or in cases not bailable, on account of any defect in the charge or process, or for alleged want of probable cause; but in all such cases the court or judge shall summon the prosecuting witnesses, investigate the criminal charge, and discharge, let to bail, or recommit the prisoner, as may be just and legal, and recognize witnesses when proper." (Gen. Stat. 1901, § 5168.)

The same provision is continued as section 700 of the civil code of 1909. (Laws 1909, ch. 182, § 700.)

This court has held that "under this section we hold that when a writ of habeas corpus issues on a complaint of illegal imprisonment, for alleged want of probable cause, the judge or court issuing the writ may, even in cases where there is no defect in the charge or process, summon the prosecuting witness, investigate the criminal charge, and discharge, let to bail, or recommit the prisoner, as may be just and legal. This section gives a party committed for a crime by an examining magistrate an appeal from his commitment by virtue of the writ of habeas corpus." (*In re Snyder, Petitioner, &c.*, 17 Kan. 542, 552.) In this case, as in that, the appeal was taken upon the ground that the facts proved before the magistrate did not show the commission of a crime —in other words, that there was no probable cause to hold the defendant for trial—and under this statute, and in the light of that decision, it must be held that the hearing upon the writ of habeas corpus was a preliminary examination. The order discharging the defendant was not a bar to another preliminary examination for the same offense or further prosecution therefor. (*The State v. Jones*, 16 Kan. 608.)

In *Cook v. Wyatt*, 60 Kan. 535, it was held that a sheriff had no right to appeal to this court from an

The State v. Ray.

order discharging a person committed to his custody by a justice of the peace for contempt. Whether the state might appeal was not decided. In *Bleakley v. Smart*, 74 Kan. 476, the authority of this court to review a judgment of a district court awarding the custody of a child was upheld, but the distinction between an action to determine the custody of a child and the ordinary use of the writ of habeas corpus to release from unlawful imprisonment was pointed out, and the question whether an appeal would lie in the last-named class of cases was not determined. Neither of the two foregoing cases was like the one now under consideration.

The hearing in the district court in this case was only an inquiry as to the existence of probable cause to hold the prisoner for trial—a mere preliminary examination—and the result only determined that upon the evidence then produced probable cause was not shown. (Crim. Code, § 52.) The order discharging the petitioner was not a judgment, or final order, or order involving the merits, as these terms are used in the civil code. (Civ. Code, § 542.)

Speaking of the functions of a committing magistrate, and the power to review an order discharging a prisoner for want of probable cause, it was said by the supreme court of North Carolina:

"The object of a commitment is to secure the attendance of the party at the trial; and it is the duty of the committing magistrate to make an examination, inquire into the circumstances, and to discharge the person arrested, or remand him, or take security for his appearance, according to the nature of the offense and the degree of proof. This proceeding is not the subject of review by writ of error or certiorari, for the reason that there is no trial, and no judgment, but a mere inquiry, to see whether the person accused ought to be tried; indeed, when the law is duly administered, the trial will take place before a writ of error or certiorari could be disposed of in the course of the court. The courts, however, exercise a supervising jurisdiction over the action of the committing magistrate, by means

11—81 KAN.

of the writ of habeas corpus, and inquire into the legality of the commitment, and the question of probable cause. This proceeding is in lieu of a writ of error or certiorari, and is not the subject of review by either of those writs, when it turns on the question of probable cause; for, like the proceeding before a committing magistrate, it is not a trial; there is no judgment; it is a mere inquiry." (*Walton v. Gatlin,* 60 N. C. 310, 312.)

We conclude that the state has no right to have a review in this court of an order of the district court discharging a prisoner for want of probable cause to hold him for trial, where such order is made in habeas corpus proceedings taken as an appeal from the commitment of an examining magistrate.

The appeal is dismissed.