No. 19,505.

*In re* CLAY MILLER, Petitioner, *Appellee,* v. W. W. GORDON, as Chief of Police, etc., Respondent, *Appellant.*

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Appeal from Decision of Probate Court May be Taken.* Following the decision in *In re Petitt,* 84 Kan. 637, 114 Pac. 1071, it is held that since the adoption of the amended code an appeal may be taken to the district court from a decision of the probate court discharging the petitioner in a habeas corpus proceeding.

2. HABEAS CORPUS—*Chief of Police Respondent May Prosecute Appeal.* A chief of police, who is made the respondent in a habeas corpus proceeding has such an interest therein that he

Miller v. Gordon.

may prosecute an appeal from an order of the probate court discharging the petitioner. The case of *Cook v. Wyatt*, 60 Kan. 535, 57 Pac. 130, is overruled.

3. HABEAS CORPUS—*Appeal—Procedure in Case Prisoner is Remanded by District Court.* The respondent in a habeas corpus proceeding appealed to the district court from an order of the probate court discharging the petitioner. The district court dismissed the appeal on the ground that it had no jurisdiction. The respondent then appealed to the supreme court. No supersedeas was granted and no stay was asked of the order discharging the petitioner. *Held*, that the questions raised are not moot, and that in case the district court upon a trial of the appeal on its merits remands the petitioner, the court in which the prosecution was commenced will have authority to issue a warrant for the petitioner if that is found necessary.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed November 14, 1914. Reversed.

*Richard J. Higgins,* and *W. H. McCamish,* both of Kansas City, for the appellant.

*T. A. Pollock,* of Kansas City, and *Cowherd, Ingraham, Durham & Morse,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: The questions to be determined in this case are: First, does an appeal lie to the district court from a judgment of the probate court discharging a petitioner in a habeas corpus proceeding? Second, has a public officer, who is the respondent in the habeas corpus proceeding, such an interest as will authorize him to institute an appeal?

Clay Miller, the petitioner, was arrested upon view by W. W. Gordon, chief of police of Kansas City, and taken before the judge of the police court on the charge of having violated an ordinance of the city, which declares that the driving of wagons upon the streets of the city for the delivery of intoxicating liquors is a nuisance and a misdemeanor. No written complaint

was filed and no warrant for his arrest issued. The case was set for trial at a subsequent date. The petitioner at once applied for and obtained from the probate court of Wyandotte county a writ of habeas corpus, directed to the respondent as chief of police, and upon the hearing the court ordered the petitioner's discharge. The respondent thereupon appealed the case to the district court. That court dismissed the appeal on the ground that it had no jurisdiction. This is an appeal from the judgment of the district court.

Upon the question whether an appeal will lie in habeas corpus where the petitioner has been discharged there has always been more or less conflict in the decisions of the courts. Many of the authorities hold that an appeal will not lie; that the order discharging the petitioner is not a final order because the petitioner, if remanded to the custody of the officer, could apply to any other court having jurisdiction in habeas corpus until he has exhausted the whole judiciary power of the state; and further, that where he is discharged by the proceeding nothing is determined except that he is entitled to his liberty so far as the proceedings under which he is held are concerned. Other courts have gone to the extent of holding that to permit an appeal from a judgment discharging the petitioner amounts, in effect, to a suspension of the writ of habeas corpus and a denial of the right, and therefore violates the constitutional provisions against the suspension of the writ. Some of the courts which have held that an appeal will not lie have rested their decision upon the nature of the writ and the purpose and objects to be obtained by the issuance of it. Chief Justice Shaw, of Massachusetts, in the case of *Wyeth v. Richardson,* 76 Mass. 240, used this language:

"The general principles of law are opposed to the allowance of exceptions in this case. The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty. The allowance of exceptions would be inconsistent with the

object of the writ.   The consequence of allowing exceptions must be, either that all further proceedings be stayed, which would be wholly inconsistent with the purpose of the writ."   (p. 241.)

Substantially the same reasoning was adopted by the supreme court of North Carolina in *State v. Miller,* 97 N. Car. 451, 1 S. E. 776, and also in *Ex parte White,* 2 Cal. App. 726, 84 Pac. 242.   To the same effect also is *In re Clasby,* 3 Utah, 183, 1 Pac. 852.   In the last-cited case it was said in the opinion:

"The object of the writ is that the right to a discharge may in a summary manner be at once determined.   If the people have a right to an appeal when the plaintiff is by order of the court or judge discharged, then in such case the writ falls far short of the purpose for which it was intended, and for the last two centuries has been used.   Suppose for a moment the appeal to be well taken, and that this court should find that the court below erred in discharging the plaintiff; can this court issue a bench-warrant for his re-arrest, or direct the justice of the peace to again issue his warrant upon the same or original complaint for arrest of the person there charged with the commission of a criminal offense, for which he was arrested, imprisoned, and discharged from arrest by the district court?   Or suppose, in the meantime, a grand jury have passed upon the facts involving the guilt or innocense of the plaintiff, and have refused to find an indictment: ought the plaintiff to be again arrested by an order of this court, and compelled to defend himself against an arrest made on such an order?

"It is easy to see that such proceedings would inevitably result in inextricable confusion; and if the discharge of the applicant upon a writ of habeas corpus, before a court or judge having jurisdiction, is an order or judgment from which an appeal can be taken to this court, necessarily attended with unavoidable delay, the value of this great writ as a safeguard of personal liberty is at least greatly impaired, if it is not changed into a means of oppression."   (p. 185.)

In *Wisener, Sheriff, v. Burrell,* 28 Okla. 546, 118 Pac. 999, the court followed the reasoning of the case just referred to, and held that an appeal does not lie

from an order in habeas corpus discharging a party held for extradition for a criminal offense. See, also, authorities cited in a note to this case in 34 L. R. A., n. s., 755. Other cases in support of these propositions will be found cited in a note to the case of *Bleakley v. Smart*, 74 Kan. 476, 87 Pac. 76, in 11 A. & E. Ann. Cas., 129; *In re Begerow*, 136 Cal. 293, 68 Pac. 773; and 9 Encyc. Pl. & Pr. 1072, 1085.

It is the appellee's contention that the first question has been answered in former decisions of this court which have settled the law to be that there is no appeal from an order discharging a petitioner in habeas corpus, except in a case where the question involves the right to the custody of minor children. Among the cases cited are *Cook v. Wyatt*, 60 Kan. 535, 57 Pac. 130, and *Bleakley v. Smart*, supra. In neither of these cases, however, was this question decided. Both recognized the distinction between an action to determine the right to the custody of children and the ordinary use of the writ of habeas corpus, but neither case went further than to state that the question for considera- tion here was one upon which there is a conflict of authority. Thus in *Cook v. Wyatt*, supra, it was said in the opinion:

"Many authorities hold that in the absence of statutory provisions the decision in a habeas corpus case is not so far final and conclusive in its character as to support a review or give an appeal." (p. 536.)

In the opinion in *Bleakley v. Smart*, 74 Kan. 476, 87 Pac. 76, it was said:

"Great conflict of opinion exists upon the question whether a judgment in habeas corpus is appealable." (p. 480.)

But it was held that "an appeal will lie from a judgment of the district court in habeas corpus proceedings determining the rights of conflicting claimants to the custody of a child." (Syl. ¶ 1.)

However, since the adoption of the amended code the court has had the question before it again in the case of *In re Petitt,* 84 Kan. 637, 114 Pac. 1071, where it was ruled in the syllabus as follows:

"An appeal may be taken to the district court from a decision of the probate court in a habeas corpus proceeding." (Syl. ¶ 3.)

The court rested its decision upon the broader language of the amended code by which proceedings in error are abolished and provision made that judgments and orders of the probate court may be reviewed on appeal. In the opinion it was said:

"The probate court is a court of record and is vested with jurisdiction in cases of habeas corpus, and as to proceedings clearly within its jurisdiction it is not to be considered as an inferior court; but, even as to habeas corpus, its orders and judgments may be corrected and revised upon appeal. . . . This broadened the power theretofore granted, so that now there may be a review and retrial of the questions of fact as well as of law involved in appeals from probate courts, and section 571 of the code of 1909 points out the method by which an appeal may be taken." (p. 641.)

It may be suggested that the rule stated in the syllabus, *supra,* that "an appeal may be taken to the district court from a decision of the probate court in a habeas corpus proceeding," is broader than the facts in that case warranted because the proceeding there involved the right to the custody of a child. It was the manifest intention of the court, however, in the opinion and in the syllabus to state the rule broadly as applying to habeas corpus generally, and not to limit its effect to cases involving the mere custody of children. Nowhere in the opinion will there be found any reference to the distinction between actions where that question is involved and the ordinary use of the writ of habeas corpus. We think the reasons upon which the decision in that case is rested apply with equal force to cases where the purpose of the writ is to discharge the petitioner from unlawful restraint.

In passing, it may be observed that the appellee contends that there is a provision in the act relating to executors and administrators (Gen. Stat. 1909, § 3624) which in terms prohibits appeals from the probate court in cases of habeas corpus. The same point was raised in *In re Petitt,* supra, and it was there decided that the provision in question is not within either the title or the subject of the act, and is therefore ineffectual. The appellee relies also upon the case of *The State v. Ray,* 81 Kan. 159, 105 Pac. 46. There a defendant charged with a felony was held for trial upon a preliminary examination before a magistrate, and bound over to appear for trial at the district court. He instituted a habeas corpus proceeding before the district court, where there was a reëxamination under the provisions of section 700 of the civil code, and he was discharged by the district court for want of probable cause. The state then attempted to appeal from that ruling to this court, and it was held that the state had no right to have a review of the order of the district court discharging the petitioner inasmuch as the proceeding was nothing more than a preliminary examination, which determined only that, upon the evidence there produced, probable cause was not shown. It was held, therefore, that the order discharging the petitioner was not a judgment or a final order, that the district court was in fact sitting as a committing magistrate. We see nothing in that decision which in any manner affects or controls the question now under consideration.

Previous to the amendment of the code, it was, as we have seen, regarded as a serious question whether any appeal would lie in habeas corpus, and where an appeal was attempted to be brought from an order remanding the petitioner it was the usual practice to allow him to present an original application for a writ which was consolidated with the appeal, and the two proceedings were heard as one action, making it un-

necessary to decide the question of the right to appeal. In a few instances where it is sought to appeal from an order discharging the petitioner, as in *Cook v. Wyatt,* 60 Kan. 535, 57 Pac. 130, the appeal was dismissed because it was held that the respondent had no appealable interest. The more liberal provisions of the amended code have removed all the difficulty, as was held in *In re Petitt,* 84 Kan. 637, 114 Pac. 1071.

Many courts have held that in the absence of an express statutory provision authorizing an appeal in habeas corpus proceedings no appeal will lie, and it was suggested by the court in *Ex parte Johnson,* 1 Okla. Crim. Rep. 414, 98 Pac. 461, and followed and approved by the supreme court in *Wisener, Sheriff, v. Burrell,* 28 Okla. 546, 118 Pac. 999, that the legislature would have made some appropriate provision had it intended to provide for appeals in habeas corpus. In our view, the force of the argument is the other way round. If the legislature had intended to prohibit appeals in habeas corpus proceedings it would have found appropriate language to express the intention in no uncertain terms. The general provisions authorizing a review of all orders and final judgments of the probate court by appeal to the district court furnish a strong argument against appellee's contention. While it is true that the purpose and object of the writ of habeas corpus is to provide a summary proceeding to determine the lawfulness of the personal restraint of the prisoner, it does not by any means follow that giving the state the right to appeal from an order discharging him amounts to a suspension of the writ.

In original proceedings in habeas corpus it has always been the practice of this court to advance the cause and hear it at the earliest time practicable, and generally the decision is rendered within a few days following the hearing of the application. It is within the power of the legislature to provide rules for a

Miller v. Gordon.

more summary hearing of appeals in habeas corpus in the district court as well as in the supreme court. It is quite obvious that those courts which hold that appeals may · be authorized by statute recognize that there is little force in the claim that an appeal amounts to a suspension of the writ in violation of constitutional provisions, because, if such is the effect of allowing an appeal, the constitutional objection could not be avoided by an enactment of the legislature.

The second question for determination is whether the respondent, who is a public officer, has sufficient interest in the decision to authorize him to prosecute an appeal. In *Cook v. Wyatt,* supra, the respondent was the sheriff of the county, and the court took the view that he was not charged with the duty of taking appeals and therefore had no appealable interest nor any right to institute proceedings in error to review the judgment of the court discharging the petitioner. Upon a reconsideration of the question we hold that the public officer who is made the respondent in the habeas corpus proceedings because he holds the custody of the petitioner has a sufficient interest to appeal from a judgment discharging the petitioner, and the fact that he is not a law officer charged with the preparation of the papers in appeals, as are the county attorney and the attorney-general, is no sufficient reason for holding that he does not so far represent the public that he may institute an appeal. The decision in *Cook v. Wyatt,* 60 Kan. 535, 57 Pac. 130, holding that a sheriff has no such interest as will authorize him to appeal in such a case is therefore overruled.

Some reliance is placed by the appellee upon the decision of *In re Crandall,* 59 Kan. 671, 54 Pac. 686, where it was ruled:

"The probate court has full authority to allow writs of habeas corpus and to inquire into the legality of proceedings upon which a person is restrained of his liberty, and its order discharging a petitioner is just

as effectual and binding as one made by the higher courts.

"Where a probate court discharges a petitioner because no offense was alleged for which the petitioner could be prosecuted, its order not only restores him to his liberty, but terminates the pending proceedings against him, and he can not be again arrested or held in custody unless a new prosecution is instituted against him." (Syl. ¶¶ 3, 4.)

Nothing said in that opinion, however, throws any light upon the question under consideration here. Everything there decided, respecting the authority of probate courts in habeas corpus, is still the law. The order discharging the petitioner, where the respondent does not appeal, of course, is quite as effectual and binding as the decision made by any higher court, and the order of discharge restores the petitioner to his liberty.

It has been suggested that inasmuch as an appeal was attempted without a stay of the proceedings, and without any supersedeas, the petitioner's discharge by the probate court ended the matter, and that nothing is involved here but moot questions. We can not concur in this contention. The petitioner, as appellee, is represented here by counsel, and will be bound by the decision. It will be the duty of the district court to overrule the motion to dismiss the appeal and proceed with a trial on the merits. In case the petitioner is remanded, the court in which the prosecution was commenced will have authority to issue a warrant for his arrest in the event that be found necessary.

The judgment will be reversed and the cause remanded for further proceedings in accordance herewith.

WEST, J., dissents, on the ground that the questions raised are moot.