No. 26,609.

C. L. KING et al., *Appellees*, v. E. E. McKNIGHT, as Sheriff of Butler County, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Preliminary Examination—Authority of Justice to Transfer Hearing.* The proceedings in which plaintiffs were arrested on a warrant issued by one justice of the peace and brought before him for preliminary examination on charges of felonious infractions of the banking law, and which examination was postponed a number of times and eventually transferred to another justice of the peace, and the preliminary examination given to the accused by such second justice, considered, and *held,* that the want of specific statutory authority for the first justice to order the proceedings transferred to the other justice did not prevent the latter justice from acquiring jurisdiction, nor did it render invalid the proceedings before the second justice whereby the accused were bound over for their appearance in the district court for trial, nor did it justify their release from the custody of the sheriff on a writ of habeas corpus.

2. HABEAS CORPUS — *Review — Jurisdictional Questions.* Where persons are bound over to the district court for trial on charges of felonies, by order of an examining magistrate, and such persons are ordered released on a writ of habeas corpus issued by the district court on the specific ground that the examining magistrate was without jurisdiction, an appeal will lie to the supreme court to review the correctness of such judgment.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 10, 1926. Reversed.

Criminal Law, 16 C. J. pp. 154 n. 79, 312 n. 58, 313 n. 62, 321 n. 61, 346 n. 14. Habeas Corpus, 29 C. J. pp. 184 n. 27, 186 n. 64; 10 A. L. R. 390; 30 A. L. R. 1324; 12 R. C. L. 1256.

King v. McKnight.    *

· *E. T. McCluggage,* county attorney, *B. R. Leydig* and *K. M. Geddes,* all of El Dorado, for the appellant.

*J. B. McKay,* of El Dorado, *Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs, who had been bound over to the Butler county district court to answer certain criminal charges lodged against them, were ordered released from custody on a writ of habeas corpus. The sheriff appeals.

The facts were these: On January 28, 1925, a complaint in four counts was sworn to before E. D. Stratford, a justice of the peace of the city of El Dorado, charging certain felonies against C. L. King and H. F. Ferry, respectively president and cashier of the Butler County State Bank, in the matter of accepting deposits for that bank while it was insolvent. Pursuant thereto a warrant was issued and the sheriff arrested King and Ferry and took them before Justice Stratford on January 29, 1925. The justice set the date of February 9, 1925, for the preliminary examination, and fixed bonds in the sum of $1,000 each for the appearance of the accused. These bonds were given and they were released.

On February 9 the parties appeared before the justice of the peace and the hearing was continued until February 28.

On February 28 the parties again appeared and the hearing was continued until March 14.

On March 14 the hearing was again continued until March 30.

On March 30 another continuance was ordered until May 4.

· On May 4 the matter was again continued until *May 19.*

On May 18, the day before the time last set for the preliminary examination, neither the state nor the accused being present or represented, Justice Stratford of his own motion entered the following order:

"Now on this 18th day of May, 1925, this court being conscious of the fact that on account of his personal illness it will be impossible for him to conduct this examination, it is ordered that this case be transferred to justice's court of Robert S. Scott, a justice of the peace, of El Dorado city, Butler county, Kansas, for examination.

"Justice costs of E. D. Stratford, $10.40.

"(Signed)  E. D. STRATFORD, *Justice of the Peace.*"

On May 19, pursuant to the continuance of the hearing set for that date by order of the justice on May 4, King and Ferry appeared

in person and by counsel before Justice Stratford and asked for a continuance. Justice Stratford refused to act or to have anything further to do with the case.

King and Ferry then appeared specially before Justice Scott and challenged his jurisdiction. Their objection was overruled, and on June 4, 1925, to which date the matter had been adjourned, Justice Scott conducted a preliminary examination. The presentation of the state's evidence occupied most of two days, and Justice Scott made a finding that the four offenses charged in the complaint and warrant had been committed and that there was probable cause to believe that King and Ferry had committed them.

The accused were bound over to appear at the next term of the district court. Their recognizances were fixed at $1,000 each, which they declined to give. The sheriff took them into custody, and the same day they applied to the district court for release on a writ of habeas corpus. Issues were joined on the petition of King and Ferry as plaintiffs and on the defendant sheriff's return to the writ. The cause was heard on the evidence adduced by the parties, and the trial court held:

"1. That the writ of habeas corpus applied for by the petitioners, C. L. King and H. F. Ferry, should be granted on the jurisdictional grounds set forth in the first part of the application for a writ of habeas corpus of petitioners, and that the petitioners should be discharged.

"2. The court further finds that the question of want of probable cause as set forth in such application for a writ of habeas corpus was not presented to the court nor passed upon by the court."

Judgment was entered accordingly and the petitioners were ordered discharged.

The sheriff's assignment of errors reduces to two main contentions:

"1st. That Robert S. Scott, justice of the peace, had full jurisdiction of the case and of the parties.

"2d. That if Robert S. Scott, justice of the peace, did not have jurisdiction of the case and of the parties that then E. D. Stratford, justice of the peace, had jurisdiction of the case and the parties, and that therefore the appellees should not have been discharged, but in that event their petition for a writ of habeas corpus should have been denied, and they should have been ordered to appear before E. D. Stratford, justice of the peace, for the purpose of a preliminary examination."

Touching the first of these contentions, a majority of this court attaches controlling significance to the principal purpose of a preliminary examination before a magistrate rather than to technical

King v. McKnight.

adherence to rules and forms of procedure whereby such examination may be instituted and conducted. The main object to be accomplished in a preliminary examination of a person accused of crime is the determination of whether a crime has been committed and whether the accused person is probably guilty thereof. Other objects served by such examination are to apprise the accused of the nature of the crime or crimes charged against him and to apprise him, partially at least, of the sort of evidence he will have to combat when he is subjected to formal prosecution in the district court. (*State v. Bailey,* 32 Kan. 83, 3 Pac. 769; *State v. Geer,* 48 Kan. 752, 754, 30 Pac. 236.) Other purposes served by such examination may be the perpetuation of testimony for the use of the state or the defendant at the formal trial, and to enable the magistrate to determine intelligently what amount of bond the accused should be required to give to secure his appearance in the district court.

The court cannot say that any of these purposes failed of accomplishment in the preliminary examination given the plaintiffs before Justice Scott. The fact that the criminal code does not specifically authorize a justice of the peace of his own motion to order the preliminary hearing transferred from his court to that of another justice in the same city and township is not important. When a warrant for the arrest of a person accused of crime is issued by a magistrate, it is not required that the accused be brought before that particular magistrate for examination. He may be brought before any magistrate of the county (R. S. 62-602), and the warrant issued in this case paraphrased the statutory form (R. S. 62-603), and was to that effect. It would have been perfectly proper for the sheriff to have taken the accused persons, King and Ferry, before Justice Scott on authority of the warrant under which he had arrested them, although that warrant had been issued by Justice Stratford. If in the first instance the sheriff had taken the accused before Justice Scott his jurisdiction would have been unassailable. In 16 Enc. Pl. and Pr. 839-840 it is said:

"According to some decisions, where a person has been arrested and taken before the magistrate who issued the warrant, and has been committed by him for examination, he may be examined and held to answer by another magistrate of the same county without a second warrant of arrest. . . .

"In some states a justice has power to call in another justice for the purpose of making a preliminary examination.

"But even where this is the case, the officer making the arrest may take the

party before another justice of the peace of the same county, who may make the examination and commit, in case of the absence or inability to act of the justice issuing the warrant. In order to enable the officer to take the party arrested before another magistrate for examination in case of such absence or inability to act, it is not indispensable that the warrant of arrest should contain a direction to that effect, nor need the order requesting the other justice so to act set forth the reason for the request."

Appellees emphasize the rule that the jurisdiction of a justice of the peace is purely statutory and to be strictly construed; but that has to do with the jurisdiction of a justice to try and determine causes, either civil or criminal, and pronounce judgments thereon which are final and conclusive unless set aside by a higher court. The rule does not apply with any more peculiar potency to the jurisdiction of a justice of the peace in his capacity as an examining magistrate than it does to any other magistrate clothed by the statute with power to inquire into offenses and to bind over accused persons to appear for trial in the district court. (R. S. 62-201, 62-601; 16 Enc. Pl. & Pr. 837, and citations.)

The court holds that any irregularity involved in Justice Scott's assumption of jurisdiction as an examining magistrate and in the exercise of his jurisdiction to bind over the petitioners for trial in the district court was not of sufficient gravity to warrant their unqualified release on habeas corpus.

This conclusion renders it unnecessary to consider at length the appellant's second contention—that conceding the order of Justice Stratford transferring the examination to the court of Justice Scott to have been invalid, and conceding that Justice Scott had no jurisdiction to examine the accused, the trial court should not have ordered an unqualified discharge of the petitioners, but should have remanded them in the custody of the sheriff to Justice Stratford with a mandate to him to proceed with his duty as examining magistrate and give the petitioners the examination contemplated by the statute. That might have been done. The district court has broad supervisory powers over all inferior courts and magistrates (R. S. 20-301), and any practical arrangement for giving the petitioners a prompt preliminary examination and yet preserving the state's right to follow up the criminal proceedings already begun would have been within the district court's discretion under its supervisory control of inferior courts and tribunals. (See the analogous cases: *In re Schurman, Petitioner,* 40 Kan. 533, 20 Pac. 277; *In re Clyde Devault,*

King v. McKnight.

*Petitioner,* 114 Kan. 913, 221 Pac. 284; *White v. State,* 28 Neb. 341, 349.)

The suggestion intrudes that criminal proceedings might have been commenced anew against plaintiffs with less expense of time and effort to correct the original *faux pas* of Justice Stratford; but in this particular case that could not have been done. The offenses charged against these plaintiffs were committed in January and February, 1923, and the statute of limitations had nearly run when the complaint was filed and the warrant issued by Justice Stratford in January, 1925. If the original proceedings had been abandoned, the bar of the statute would have given the petitioners complete immunity.

A last suggestion of appellees' counsel is that an appeal by the state does not lie from a decision of the district court in a habeas corpus case, and *State v. Ray,* 81 Kan. 159, 105 Pac. 46, is cited on that point. That case held that where the district court made a finding of want of probable cause to hold a petitioner for trial, and ordered the discharge of a petitioner *on that ground,* the state had no right of appeal. But in *Miller v. Gordon,* 93 Kan. 382, 144 Pac. 274, this court sustained the right of appeal from a decision of the district court on a jurisdictional question involved in a habeas corpus case. See, also, *In re Wadleigh,* 108 Kan. 682, 685, 686, 197 Pac. 217.

The judgment of the district court is reversed.

Dawson, J., dissenting.