No. 37,058

THE STATE OF KANSAS, *Appellant*, v. RICHARD MCCOMBS, *Appellee*.

(188 P. 2d 922)

Opinion filed January 24, 1948.

*Paul V. Smith*, deputy county attorney, argued the cause, and *Edward F. Arn*, attorney general, *H. R. Fatzer*, assistant attorney general, *Harold H. Malone*, county attorney, *W. Jay Esco, E. Lael Alkire, Frank A. Malone* and *D. Emmett Foley*, all deputy county attorneys, were with him on the briefs for the appellant.

*A. D. Weiskirch*, of Wichita, argued the cause, and *George B. Collins, C. L. Williams, Oliver H. Hughes* and *Chas. B. Hudson*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The factual situation upon which this appeal is based can be briefly stated.

At a preliminary hearing held before the judge of the city court of Wichita, sitting as a magistrate, the appellee, who was charged with a felony under the provisions of G. S. 1935, 21-915, prohibiting the keeping of a common gaming house or a place where persons were accustomed to resort for the purpose of gambling, was discharged on the ground that since the evidence disclosed appellee maintained a place where people were accustomed to resort for the purpose of betting on horse races he could not be prosecuted under such section, but must be proceeded against under G. S. 1935, 21-1510, providing that bookmaking and pool selling under the conditions therein specifically outlined constitutes a misdemeanor.

The state then filed a complaint directly in the district court of Sedgwick county, charging appellee with violations of G. S. 1935, 21-915, at the same time and place as charged in the complaint it had theretofore filed in the city court.

Thereafter appellee filed a plea in bar in which he claimed that

the order of the city court was *res judicata* and precluded his further prosecution under the provisions of G. S. 1935, 21-915. This plea was submitted to the Honorable Clair E. Robb, judge of division No. 3 of the district court of Sedgwick county. In due time such plea was sustained and the appellee discharged. Thereupon the state excepted to the ruling and perfected this appeal.

Appellant's sole specification of error reads: "The district court erred in sustaining the plea in bar of the defendant, Richard McCombs." In the form made such specification is too broadly stated. This is not a case where the district court had jurisdiction as a court. The proceeding, although it was filed in the office of the clerk as a district court action, was instituted by a complaint, not by an indictment or information. Our criminal code provides that offenses may be prosecuted in the court having jurisdiction either by indictment or information (G. S. 1935, 62-801), and that the first pleading on the part of the state shall be an indictment or information (G. S. 1935, 62-1003).

Long ago in *State v. Brooks*, 33 Kan. 708, 710, 7 Pac. 591, it was said:

". . . In justices' courts the original pleading may be properly called a complaint, but in the district court it may properly be called an information or indictment; for in the district court criminal prosecutions can be conducted or carried on only upon information filed by the public prosecutor, or upon indictments found by the grand jury. (Crim. Code in general, and articles 6 and 7 especially; see, also, §§ 21 and 22 of the prohibitory act.)"

Later in *State v. Morris*, 124 Kan. 143, 145, 257 Pac. 731, this statement was made with respect to the same subject:

"District courts do not take cognizance of complaints. They act on information filed by the county attorney, or on indictment by a grand jury. (R. S. 62-801.) Justices of the peace do not take cognizance of informations. They act on complaint made on oath or affirmation. (R. S. 63-201.) Therefore, the words of R. S. 21-2133 and 21-2163, 'upon the filing of a complaint or information,' are to be read 'upon the filing of a complaint before a justice of the peace or an information in the district court.'" (p. 145.)

Thus it appears the very most that can be said for the appellant's action in filing the instant complaint in the district court is that it was seeking another preliminary hearing before another magistrate. Indeed, although there is much in the procedure followed and the argument advanced in support of its contentions to indicate to the contrary, the appellant concedes this to be true when in its brief it makes the following statement:

"The State understands that the only manner in which it may obtain a review of an order by a judge of the city court of Wichita (whose position is comparable to that of a justice of the peace) discharging the defendant on a preliminary hearing in a felony case is to file a new complaint charging the same offense before another magistrate. That is the procedure which was followed in this case."

That appellant was within its rights in seeking another preliminary examination before a judge of the district court cannot be denied. Under our statute a judge of the district court is a magistrate authorized to conduct such an examination (G. S. 1935, 62-201, 62-601). We have expressly so held (*Hancock v. Nye*, 118 Kan. 384, 388, 234 Pac. 945). Moreover, it is settled law in this jurisdiction that the discharge on a preliminary hearing of a person charged with a felony is no bar to a subsequent preliminary hearing on another complaint charging the same offense (*State v. Townsend*, 150 Kan. 496, 95 P. 2d 328; *State v. Badders*, 141 Kan. 683, 685, 42 P. 2d 943; *State v. Curtis*, 108 Kan. 537, 196 Pac. 445; *State v. Jones*, 16 Kan. 608).

Therefore it must be held that when Judge Robb gave consideration to the complaint filed in the instant case and discharged the appellee, irrespective of the ground assigned by him as the basis for his action, he was acting in the capacity of an examining magistrate and actually engaged in the business of conducting the preliminary examination of one who was charged with the commission of a felony.

With commendable candor counsel for appellant confess, and we we might add properly so, that the state has no right of appeal from the order of either a justice of the peace or a judge of the city court, both magistrates authorized by statute to conduct preliminary examinations (G. S. 1935, 62-201), discharging a person accused of crime on a preliminary hearing. They admit the basis for the rule is that no such right is conferred by statute and concede the principle is not only sound but well established. Even so they contend like action on the part of a district judge, acting as a magistrate under authority of the same section of the statute, is subject to appellate review. The gist of their contention is that right exists under and by virtue of the provisions of G. S. 1935, 62-1703, which in part reads:

"Appeals to the supreme court may be taken by the state in the following cases, and no other: . . . third, upon a question reserved by the state."

In support of their claim they suggest that if the state were barred

from further prosecution of a particular offense by an order of a city court or justice of the peace discharging a defendant on a preliminary hearing there could be no effective review of rulings of such magistrate no matter how capricious or erroneous they might be. The suggestion is more plausible than sound. In the first place, it overlooks the settled law of this state, to which we have heretofore referred, that discharge by a magistrate is not a bar to another preliminary examination. The state has supplied itself with many magistrates (G. S. 1935, 62-201, 62-601, 62-610 and 62-629), including the judges of the supreme court. Out of all of these we rather imagine it would not be too difficult to find some magistrate who would lend a responsive ear in any case where the state seeks to bind over a person charged by a complaint with the commission of a crime if the facts or the law warrant its position. Next such suggestion entirely ignores the fact that matters are only appealable to this court when authorized by statute (Const. art. 3, § 3; *Mahoney v. Stavely,* 160 Kan. 792, 794, 165 P. 2d 230; *Cochran v. Amrine,* 155 Kan. 777, 778, 130 P. 2d 605; *Crawford v. Firmin,* 143 Kan. 794, 797, 57 P. 2d 465).

What then is the legal status and the extent of the power of a district judge who doffs the robes of his judicial office, dons the garb of a magistrate, and thereafter essays to act in that capacity? In our opinion his status is the same as that of his fellow magistrates. All come into being and derive their power and authority from the same statutory authority (62-201, 62-601). We definitely so indicated when in *King v. McKnight,* 120 Kan. 692, 696, 245 Pac. 105, we said in effect that judges and other magistrates are on an equal footing when engaged in the conducting of preliminary examinations. The extent of his power is no greater than that of other magistrates. Their authority is purely statutory. So is his. When they hold a preliminary examination in a felony case they are not holding a trial in the sense that term is ordinarily used or acting judicially (*State v. Badders,* 141 Kan. 683, 685, 42 P. 2d 943). Neither is he.

Under the authorities heretofore cited, dealing generally with the legal status of magistrates while holding preliminary hearings and with questions pertaining to rights of appeal from their action in discharging persons accused of offenses at such hearings, and without more, we would have little difficulty in concluding the appellant has no right of appeal under the provisions of G. S. 1935, 62-1703, or any other statute, from Judge Robb's ruling discharging the appellee

during the course of the preliminary examination he was conducting as a magistrate.

But that is not all. In order to hold otherwise we would be compelled to override what has been said and held in our own early decisions with specific reference to rights of appeal from decisions rendered by a judge of the district court while sitting as an examining magistrate. These decisions, it should be pointed out, were handed down and definitely determined the law in this jurisdiction long after G. S. 1935, 62-1703, on which appellant now relies as authorizing appellate review in the instant case, was a part of the statutory law of this state. (See G. S. 1868, ch. 82, sec. 283.)

*State v. Forbriger,* 34 Kan. 1, 7 Pac. 631, deals with a situation where a private citizen demanded that a judge of one of our judicial districts issue a warrant for the arrest of a party and that such judge should take cognizance of the complaint and hold a preliminary examination. The judge refused and an appeal followed. At page 5 of the opinion in that case it was said:

"We think the supposed appeal must be dismissed, for the reason that no appeal in any such case is authorized by any statute of Kansas. The case has never been in the district court, and no jurisdiction has ever been obtained over Forbriger by any court or judge. The case was instituted before Judge Martin as a supposed magistrate, under the supposed authority of §§ 7, 35 and 36 of the criminal code. Now supposing that the judge of the district court is a magistrate under said sections, and that he may take jurisdiction in any case provided for by the same, still no appeal from the decision of such magistrate in such a case will lie to the supreme court, or to any other court. The proceeding in such a case is merely a preliminary examination, which is not appealable to any court."

In *State v. Ray,* 81 Kan. 159, 105 Pac. 46, we held:

"Where an appeal is so taken to the district court from the order of an examining magistrate committing a person upon a criminal charge, and he is upon such proceedings discharged by the district court for want of probable cause to hold him for trial, there is no authority for an appeal to this court from the order discharging the prisoner." (Syl. ¶ 2.)

The appeal is dismissed.